John **MARINCLIN** and Goldie Marinclin, his wife, Appellants,

v.

Mae G. **URLING.**

No. 16485.

United States Court of Appeals Third Circuit.

Argued Oct. 6, 1967.

Decided Oct. 25, 1967.

Martin Lubow, Rosenberg & Lubow, Pittsburgh, Pa., for appellants.

Ralph S. Sapp, Pittsburgh, Pa., for appellee.

Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal challenges the holding of the lower court that the Fourteenth Amendment to the Constitution of the United States is not violated by the grant of a way of necessity under 36 P.S. § 2731 to a person buying a lot, knowing that it has no access to a public road due to a previous condemnation of part of the lot for a limited access highway. The lower court accurately stated the facts as follows:

" * * * A lot of land owned by plaintiffs adjoins a lot owned by the defendant; each has a dwelling erected thereon. Prior to 1961, the Commonwealth of Pennsylvania condemned a part of the lot now owned by the defendant for construction of a highway,

---

leaving the remainder, including the dwelling, landlocked.

"The former owners (Grahams), in eminent domain proceedings, were awarded $30,200 from the Commonwealth as compensation for the portion taken and as consequential damages for the landlocked remainder. Subsequently, the defendant, being aware of the condemnation and that the Grahams had been paid the 'total value of their property', purchased the landlocked lot from the Grahams 'for a mere fraction of its precondemnation value'.

" * * * The board of viewers found that the defendant's property was landlocked, that a private road was necessary, recommended that a 14-foot wide private road be extended through plaintiff's lot to adjacent Clover Drive, and awarded plaintiffs $5,500 damages.

\* \* \* \* \* \*

"Plaintiffs allege that the taking has left their property 'in a highly disfigured condition and greatly reduced its value.' They ask this federal court to declare the Act of 1836, as amended, unconstitutional in the circumstances, to order defendant to vacate the private road, and to compensate them for damages done to their land, together with costs."

We agree with the lower court that the grant of the private road through plaintiff's land to Clover Drive is not a taking of private property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States and affirm on the opinion of Judge Marsh.[1]

The District Court order of January 10, 1967, dismissing the Complaint, will be affirmed.

[1]. Marinclin v. Urling, 262 F.Supp. 733 (W.D.Pa.1967). It is noted that Winger v. Aires, 371 Pa. 242, 89 A.2d 521 (1952), relied on in oral argument by appellants, does not discuss the Fourteenth Amendment to the Constitution of the United States.