639 A.2d 926

**T.L.C. SERVICES, INC.**

**v.**

**Daniel KAMIN, Robert Kamin, Herman Kamin, and David Silverblatt, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1993.

Decided March 16, 1994.

J. Michael Williamson, for appellants.

Robert H. Lugg, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, SMITH and FRIEDMAN, JJ.

DOYLE, Judge.

Daniel Kamin, Robert Kamin, Herman Kamin, and David Silverblatt (collectively, the Kamins) appeal an order of the Court of Common Pleas of Clinton County which affirmed the report of a Board of View laying out a private road over the Kamins' property pursuant to the Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §§ 2731–2891, commonly known as the Private Road Act (Act).

This litigation began on February 21, 1989, when T.L.C. Services, Inc. (TLC) filed a petition pursuant to Section 11 of the Act, 36 P.S. § 2731, requesting that a Board of View be appointed to lay out a private road over the Kamins' property for the benefit of TLC, which owned adjoining property. TLC sought a private road because its property adjoining the Kamins' property is so situated as to provide no means of egress or ingress to a highway.

The Act of 1836 provides, in relevant part, and in the language of the day:

The several court of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies, or corporations, for a road from their respective lands or leaseholds to a

highway or place of necessary public resort, or to any private way leading to a highway, ... direct a view to be had of the place where such road is requested, and a report thereof to be made....

Section 11 of the Act, 36 P.S. § 2731.

The Act further provides that:

If it shall appear by the report of viewers to the court directing the view, that such road is necessary, the said court shall direct what breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such road shall be deemed and taken to be a lawful private road.

Section 12 of the Act, 36 P.S. § 2732. The Board of View determined that a private road was, indeed, necessary to allow TLC access from its property to a highway, and that the location of the road proposed by TLC was the least intrusive location on the Kamins' property. Accordingly, the Board of View established the road's location in accordance with TLC's request.

Pursuant to Section 12 of the Act, 36 P.S. § 2732, the trial court conducted a hearing to determine the width of the private road. Before the trial court, the Kamins argued that the Act is unconstitutional in that it allows for a taking of private property without adequate compensation and sufficient due process in violation of the Fourteenth Amendment of the United States Constitution,[1] and Article I, Section 10 and Article X, Section 4 of the Pennsylvania Constitution.[2] The trial court held that the Act was constitutional, and set the width of the private road and limitations on the travel upon it. This appeal followed.

■ On appeal, the Kamins argue that the Act is "unconstitutional in that it fails to provide a condemnee with due process and equal protection of the laws to which a condemnee would be entitled under the Pennsylvania Eminent Domain

1. U:S. Const.Amend. XIV.
2. Pa. Const. Art. I, § 10; Art. X, § 4.

Code."[3] Essentially, the Kamins argue that the condemnee is not sufficiently protected under the Act from damages and deprivation of property because the Act does not require the posting of a bond by the condemnor.

Article I, Section 10,[4] of the Pennsylvania Constitution provides that:

> [N]or shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured.

Article X, Section 4,[5] provides:

> Municipal and other corporations invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements and compensation shall be paid or secured before the taking, injury or destruction.

The Fourteenth Amendment to the U.S. Constitution similarly prohibits state action which deprives a person of property without due process of law or deprives a person of the equal protection of the law. U.S. Const.Amend. XIV.

The Act, however, does provide for the full payment of damages to the owners of property over which private roads are laid out before the road is actually opened. Section 2 of the Act provides that:

> The damages sustained by the owners of the land through which any private road may pass shall be estimated in the manner provided in the case of a public road, and shall be paid by the persons, ... at whose request the road was granted or laid out: *Provided, That no such road shall be opened before the damages shall be fully paid.*

36 P.S. § 2736 (emphasis added). This provision of the Act provides assurance that the property will not be physically taken prior to compensation.

---

3. Act of June 2, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

4. Pa. Const. Art. I, § 10.

5. Pa. Const. Art. X, § 4.

Contrary to the Kamins' arguments, the Act has been consistently held to be constitutional and in compliance with the requirements of due process embodied in both the Pennsylvania Constitution and the United States Constitution. *Dickinson Township Road,* 23 Pa.Superior Ct. 34 (1903); *Pocopson Road,* 16 Pa. 15 (1851); *see also Marinclin v. Urling,* 262 F.Supp. 733 (W.D.Pa.) *aff'd,* 384 F.2d 872 (3d Cir.1967) (Act does not violate the Fourteenth Amendment to the U.S. Constitution). Although the Kamins correctly note that a panel of the Superior Court in *In re Laying Out and Opening A Private Road,* 405 Pa.Superior Ct. 298, 309, 592 A.2d 343, 349 (1991), held that allowing a private citizen to exercise eminent domain power through the Act may raise constitutional implications, that decision did not hold that the Act was unconstitutional, nor could it overrule *Pocopson Road,* a very early Supreme Court decision. We, therefore, reject the Kamins' first argument.

The Kamins further contend that the Act is constitutionally deficient by not requiring the condemnor to post a bond, because the Act does not otherwise protect a condemnee from damages from the following: (1) The costs of litigating the laying out of the road where the condemnor abandons the action before paying compensation; (2) the impediment to the marketability of the property while the proceedings are pending; and (3) the sale of the dominant tenement or the bankruptcy of the owner of the dominant tenement. In contrast to the Act, Section 403(a) of the Eminent Domain Code, 26 P.S. § 1–403(a), requires that "every condemnor shall give security to effect the condemnation by filing with the declaration of taking its bond, without surety, to the Commonwealth of Pennsylvania for the use of the owner or owners of the property interests condemned . . . ."

The Kamins' arguments are similar to those raised by the condemnee in *Pocopson Road,* who argued that under the Act:

The obligation of the parties is not mutual, inasmuch as one party is bound to have the road opened through his property after its confirmation and assessment of damages, and

the other party has the option whether to cause it to be opened and pay the damages or not.

*Pocopson Road,* 16 Pa. at 18. The Supreme Court rejected the condemnee's argument that the Act is unconstitutional because it does not shield a condemnee from all potential expenses associated with such proceedings or provide for mutuality of remedies, in that the condemnor is in a better bargaining position than the condemnee. To the extent that the Kamins raise the same issue, we reject their same argument. The alleged inequity is better addressed by the legislature and cannot form the basis of a constitutional challenge to the legality of the Act. Furthermore, the Kamins have asserted no real present circumstances that place them in threat of such potential harm. Their entire argument is in the abstract.

■ In answer to the Kamins' argument that the Act does not provide the same framework of constitutional protection for the condemnee as does the Code, although we have held that proceedings under the Act are in the nature of eminent domain proceedings, *Mandracchia v. Stoney Creek Real Estate Corp.,* 148 Pa.Commonwealth Ct. 80, 609 A.2d 871 (1992), we have held that the provisions of the Code do not apply to the Act. *Mattei v. Huray,* 54 Pa.Commonwealth Ct. 561, 422 A.2d 899 (1980). It is not the role of this Court to superimpose the requirements of the Code upon the Act in light of the legislature's clear intention that the provisions of the Code not affect the Act,[6] regardless of whether we agree with the Superior Court's encouragement of legislative reform of the Act. *See In re Laying Out a Private Road,* 405 Pa.Superior Ct. at 309, 592 A.2d at 349. We must, therefore, reject the Kamins' argument that the Act is constitutionally deficient for

6. The comment to Section 511 of the Eminent Domain Code, 26 P.S. § 1–511, states:

There are also a number of statutes requiring the viewers to make findings as to the necessity of a private road or the location of utility lines, etc. (Finding as to necessity of private roads, see Act of 1836, June 13, P.L. 551, § 12 (36 P.S. § 2732)). *These statutes are not repealed or affected by this act.*

Comment–Joint State Government Commission 1964 Report to Section 511 of the Code, 26 P.S. § 1–511 (emphasis added). Clearly the legislature intended that the provisions of the Code not affect the Act.

failing to require the condemnor to post a bond before instituting proceedings under the Act.

Based on the foregoing discussion, we affirm the order of the trial court.

### ORDER

NOW, March 16, 1994, the order of the Court of Common Pleas of Clinton County in the above-captioned matter is hereby affirmed.