**In re LAYING OUT AND OPENING A PRIVATE ROAD IN CHARLESTON TOWNSHIP, TIOGA COUNTY.**

**Appeal of Leonard and Susan RUANE, Charles and Evelyn Parson, Clayton and Phyllis Ives and Elizabeth Fuller, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Oct. 17, 1996.

Edith L. Dowling, for Appellants.

William R. Stokes, II, Wellsboro, for Appellee, Jeffrey Stephen.

Before SMITH and FLAHERTY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Appellants appeal from an order of the Court of Common Pleas of Tioga County's (trial court) affirmance of a report of the Board of View's laying out of a private road. We affirm.

On March 4, 1994, Jeffrey Allen Stephen (Appellee) filed a petition to Appoint Viewers to Lay Out and Open a Private Road with the trial court. Appellee requested the trial court to appoint a Board of View to determine whether a private road could be placed in order to have access to Appellee's landlocked property. The Board of View was appointed by the trial court, which took testimony, viewed Appellee's property and filed its report on February 20, 1995. The Board

---

948

of View concluded that a private road should be placed as follows:

> Commencing at a point near the southwest corner of said lands of Petitioner, Jeffrey Stephen; thence proceeding in a generally southerly direction onto the lands of Elizabeth Fuller; thence proceeding in a generally westerly direction parallel to and contiguous with the boundary line between the said lands of Fuller and the lands of Leonard Ruane and Susan Ruane, his wife, for a distance of approximately 600 feet to a point on Township Route 580 and having a total width of 33 feet.

Report of Board of View at 5.

The Board of View did not make a recommendation as to the amount of damages as the parties would attempt to settle the amount of damages independently.

On February 28, 1995, Appellants appealed the Board of View's report with the trial court which, on October 2, 1995, granted Appellants' objection to the finding of the Board of View, but only as to the width of the private road, which the trial court reduced to a statutory maximum of 25 feet. However, the trial court, in all other respects, affirmed the report of the Board of View.

■ On appeal before this Court,[1] Appellants argue that the trial court committed an error of law by affirming the Board of View's decision to lay out and open a private road on and contiguous with Appellants' land parcels. Specifically, Appellants challenge the trial court's determination concerning the Agricultural Area Security Law (Agricultural Law), Act of June 30, 1981, P.L. 128, *as amended,* 3 P.S. §§ 901–915. Appellants argued before the trial court, as it does before this Court, that the Agricultural Law forbids the condemning of any land within any agricultural security area unless approval has been obtained from: (1) the governing bodies of the local government units encompassing the agricultural security area, (2) the county governing body, (3) the Agricultural Security Area Advisory Committee, and (4) the Agricultural Lands Condemnation Approval Board.[2] Appellants assert that since these aforementioned approvals have not been received by Appellee in this case, the trial court was in error in affirming the Board of View's decision to allow the laying out and opening of a private road on and contiguous to the parcels in question.

■ The trial court, in its opinion, found that the Agricultural Law did not apply to the facts at issue in this case. The trial court held that since the Agricultural Law is primarily concerned with encouraging a long term commitment to agriculture, protecting farming and conservation and to prevent wholesale subdivision and the conversion of farm lands into non-agricultural "urban purposes," it did not apply to a private landowner who merely seeks to achieve access to his land locked property. We agree.

Section 2 of the Agricultural Law, 3 P.S. § 902 states, in pertinent part:

> It is the purpose of this act to provide means by which agricultural land may be protected and enhanced as a viable segment of the Commonwealth's economy and as an economic and environmental resource of major importance.

3 P.S. § 902.

It is clear from the Act that the Legislature clearly intended to protect certain lands from subdivision and private, economically viable ventures. It is clear that, in this case, the intent of the Agricultural Law is not being compromised due to Appellants' desire simply to gain access to his land-locked property by placing a private road 25 feet in width and 600 feet in length.

As a result, the trial court did not commit an error of law in finding that the Agricultural Law is inapplicable to the facts of this case

---

1. This Court's scope of review is limited to ascertaining the validity of the Court's jurisdiction, the regularity of the proceedings, questions of law and whether there has been an abuse of discretion. *In Re: Private Road in Greene Township,* 343 Pa. Superior Ct. 304, 494 A.2d 859 (1985).

2. Section 13(b) of the Agricultural Law, 3 P.S. § 913(b).

and affirming the report of the Board of View.[3]

Accordingly, we affirm.

## ORDER

AND NOW, this 17th day of October, 1996, the order of the Court of Common Pleas of Tioga County in the above-captioned matter is hereby affirmed.

---

3. Appellee argues that this Court lacks jurisdiction to hear this case as Appellants filed it prior to the trial court's entry of final judgment on its docket. This issue has no merit as the last sentence of the Pa. R.A.P. 905(a) addresses problems of this kind. It states in pertinent part:

A notice of appeal filed after the announcement of a determination **but before the entry of an appealable order shall be treated as filed after such entry** and on the day thereof. (Emphasis added.)

As Appellee's argument has no merit, we will not further discuss it.