**In re Interest of Robert W. FORRESTER.**

**Rodney J. McKenrick, Bonnie F. McKenrick, Harold S. Forrester, and Helen B. Forrester, Appellants.**

Commonwealth Court of Pennsylvania.

Argued April 3, 2001.

Decided May 2, 2001.

Thomas J. Finucane, Chambersburg, for appellant.

Joseph K. Goldberg, Harrisburg, for appellee.

Before COLINS, Judge, KELLEY, Judge and RODGERS, Senior Judge.

COLINS, Judge.

Rodney and Bonnie McKenrick and Harold and Helen Forrester (Appellants) appeal the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, confirming the report of a board of view granting Robert Forrester an easement for a private road across their farmland and denying their exceptions.

Forrester owns approximately 20 acres of landlocked timberland in Franklin County. In August 1998, pursuant to Section 11 of the law commonly known as the Private Road Act,[1] Forrester filed an amended petition for the appointment of a board of view requesting a 25-foot-wide easement for a private road to provide access from his landlocked property to the nearest public road.[2] Mr. Forrester expressed a preference for an easement incorporating the ½-mile road crossing the Appellants'. farmland because his father had used that road from 1949 through 1980 without a written easement and because it was safer for a truck carrying lumber and shorter than any alternative.

·The viewers filed a report with the court of common ·pleas, finding that Forrester had established the necessity sufficient to entitle him to have a private road opened to provide access to his landlocked property. The report granted the requested 25-foot-wide easement crossing the Appellants' properties and using the existing gravel lane for most of its distance.[3] The

---

1. Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. § 2731.·

2. The petition referenced two existing private roads for which he had no right of way: one approximately ½ mile in length, crossing only two privately owned farmland properties (i.e., the Appellants' properties), and the other, approximately 1 mile in length, that includes a bridge and crosses several privately owned properties.

3. Report of Viewers, paragraph 9 states, in pertinent part,

"The right-of-way has been located for a majority of its distance (3139.87 feet) over an existing gravel lane which has been in use for many years, so as to cause the least inconvenience to the real estate of the respondents. After it leaves the existing gravel lane, the right-of-way proceeds 1041.23 feet along·the edge of an existing·cultivated field where this field meets a wooded, un-

viewers arranged for a survey and the assessment of damages. In making their determination, the viewers considered the shortest distance, best ground, least injury to private parties, past usage of the road, and Forrester's preference for the shortest alternative. The viewers considered and rejected the McKenricks' objection that the road and land it crosses are located within an Agricultural Security District and that therefore Forrester needed approval of the Agricultural Lands Condemnation Approval Board (ALCAB) before the land could be condemned. The court of common pleas denied the Appellants' appeal and exceptions. Citing our decision in *Laying Out a Private Road in Charleston Township*, 683 A.2d 947 (1996), both the board of view and the trial court rejected the objection to the opening of the requested private road on the ground that prior approval of ALCAB was required.

■ On appeal to Commonwealth Court, the Appellants argue that because their farmland is located within an Agricultural Security Area, within the meaning the Agricultural Area Security Law (Ag. Security Law),[4] the approval of ALCAB is required before the requested private road may be opened. They also argue that the board of view abused its discretion when it considered Forrester's past permissive use of the gravel lane. Appellate review of the trial court's order confirming the opening of a private road is limited to ascertaining the validity of the jurisdiction of the board of view, the regularity of the proceedings, questions of law, and whether the board

abused its discretion. *In re Brinker*, 683 A.2d 966 (Pa.Cmwlth.1996).

### Application of the Agricultural Area Security Law and Necessity of ALCAB Approval

In support of their argument that AL-CAB approval was required in this case, the Appellants argue that Private Road Act proceedings are eminent domain proceedings and that Section 13(b) of the Ag. Security Law provides that no "body" exercising powers of eminent domain may condemn without prior approval of AL-CAB. Citing the definition of "body" in Black's Law Dictionary, they appear to argue that the "body" exercising eminent domain powers in this case is either Forrester or the board of view. In further support of their argument, they direct our attention to the Ag. Security Law's purpose of farmland preservation and submit that the legislature could not have meant to except private roads from the application of the ALCAB review and approval. The Appellants urge us to overrule or clarify the *Charleston Township* decision on the ground that it leaves open the question of whether private road condemnations might be subject to ALCAB approval if the road were longer than 600 feet and were found to have a greater impact on farming.

Forrester argues that the Court has spoken in the *Charleston Township* decision, wherein it correctly held that the Ag. Security Law does not apply to Private Road Act proceedings, which do not impli-

cultivated part of the property of the respondents, Harold S. and Helen B. Forrester, again to cause the least inconvenience to the use of the land by the respondents. This right-of-way, when measured along the centerline is located 3,081.20 feet and includes 1.69 acres on the land of Rodney J. and Bonnie F. McKenrick, and Helen B. Forrester. The right-of-way, as measured from the centerline proceeds 1,099.90 feet

over the land of Harold S. and Helen B. Forrester, and contains 0.70 acres. An edge of the right-of-way does fall upon the land of Harold S. and Helen B. Forrester for a total or approximately 331.37 feet...."

4. Act of June 30, 1981, P.L. 128, *as amended*, 3 P.S. §§ 865–915.

cate condemnations within the meaning of the Eminent Domain Code, which defines "condemn" to be a taking for a public purpose. Section 201(1), 26 P.S. § 1–201(1).

■ Section 11 of the Private Road Act, 36 P.S. § 2731, provides for the appointment of a board of view upon petition for the opening of a private road. Upon report of the board of view that the road is a necessity, the court is directed to establish upon the record its width and location, "and thenceforth such road shall be deemed and taken to be a lawful private road." Section 12 of the Private Road Act, 36 P.S. § 2732. Although proceedings under the Private Road Act are in the nature of eminent domain proceedings, the provisions of the Eminent Domain Code [5] do not apply to the opening of a private road. *T.L.C. Services, Inc. v. Kamin*, 162 Pa. Cmwlth. 547, 639 A.2d 926 (1994), *petition for allowance of appeal denied*, 538 Pa. 679, 649 A.2d 679 (1994), *cert denied*, 514 U.S. 1004, 115 S.Ct. 1314, 131 L.Ed.2d 195 (1995).

The parties in this case do not dispute that the farmland in question is located in an Agricultural Security Area.[6] Section 13(a) of the Ag. Security Law, 3 P.S. § 913(a), provides in pertinent part,

> No agency of the Commonwealth having or exercising powers of eminent domain shall condemn for any purpose any land within any agricultural security area which land is being used for productive agricultural purposes (not including timber) unless prior approval has been obtained in accordance with the criteria and procedures established in this sec-

tion from the Agricultural Lands Condemnation Approval Board....

Similarly, Section 13(b) requires ALCAB approval prior to the condemnation of such agricultural security area lands by a "political subdivision, authority, public utility or other body having or exercising powers of eminent domain[.]" 3 P.S. § 913(b).

In *Charleston Township*, owners of farmland appealed the opening of a private road to provide access to landlocked property. The appellants raised the issue of whether the Ag. Security Law forbids the condemnation of land within an agricultural security area without prior approval of the relevant governing bodies and ALCAB. In that case, we affirmed the opening of the private road and held that given the Ag. Security Law's purpose of protecting farmland from development, the opening of a private road to provide access to a landlocked property did not compromise the law's intent. The holding in that case is not limited to the facts of that case.

■ As cited above, private road proceedings are *in the nature* of eminent domain proceedings, but they are not equivalent to proceedings under the Eminent Domain Code. As Forrester argues in his brief, condemnation under the Eminent Domain Code refers only to takings for public purposes and applies only to entities vested with the power of eminent domain by the laws of the Commonwealth, including the Commonwealth. Section 201(1), (3), and (5) of the Eminent Domain Code, 26 P.S. § 201–1(1), (3), and (5). *See also, In re Township of Lower Macungie*, 717 A.2d 1105 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 558 Pa. 643, 738 A.2d 458 (1999). Furthermore, the

---

**5.** Act of June 2, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903.

**6.** The Ag. Security Law defines "agricultural security area" as follows: "A unit of 250 or more acres of land used for the agricultural production of crops, livestock and livestock products under the ownership of one or more persons and designated as such by the procedures set forth in this act...."

provisions of the Eminent Domain Code do not apply to the Private Road Act. *T.L.C. Services*, 639 A.2d at 928; *Mattei v. Huray*, 54 Pa.Cmwlth. 561, 422 A.2d 899 (1980).[7]

█ In unambiguous language, Section 13(a) and (b) of the Ag. Security Law applies limitations on government actions. It requires prior approval of the relevant governing bodies and ALCAB before the condemnation of protected farmland by the Commonwealth, Commonwealth agencies, political subdivisions, public utilities, and other governmental or public bodies having or exercising eminent domain powers. 3 P.S. § 913(a) and (b). We will not engage in statutory construction for the purpose of extending this limitation to the condemnation of an easement for a private road to provide access to a landlocked property. Such a condemnation constitutes a legislative delegation of eminent power to a private individual who can demonstrate necessity.

█ Moreover, as we explained in *Charleston Township*, Private Road Act proceedings do not compromise the purposes of the Ag. Security Law. That law's statement of legislative findings demonstrates the General Assembly's purpose to protect farmland from development. The statement expresses the General Assembly's concern about development encroaching on farmland and the juxtaposition of conflicting uses that leads to rises in taxes, costs of public services, and land speculation. The relevant enumerated purposes include protecting farming operations from incompatible non-farm land uses and assuring permanent conservation of produc-

tive agricultural lands. Section 902 of the Ag. Security Law, 3 P.S. § 902. An easement for a private road serving a landlocked property does not constitute an incompatible non-farm land use, and it is not inconsistent with conservation of productive agricultural lands.

**Consideration of Past Permissive Use**

█ In laying out and opening a private road under the terms of the Private Road Act, the location of the road is entirely within the discretion of the viewers. *Holtzman v. Etzweiler*, 760 A.2d 1195 (2000); *In re Cogan Township, Lycoming County*, 684 A.2d 237 (Pa.Cmwlth.1996). Commonwealth Court will not disturb the viewers' decision regarding the location of a private road absent evidence of a manifest abuse of discretion. *Cogan Township*. Section 2 of the Act of June 13, 1836, P.L. 551, 36 P.S. § 1785,[8] provides that viewers

shall view such ground, and if they shall agree that there is occasion for a road, they shall proceed to lay out the same, having respect to the shortest distance, and the best ground for a road, and in such manner as shall do the least injury to private property, and also be, as far as practicable, agreeable to the desire of the petitioners.

The viewers report states that it laid out the road in this case after considering "the shortest distance, best ground, least injury to private parties, and the desire of the petitioner, Robert W. Forrester, and in addition, considered the past usage of the road by the petitioner in common with the Forresters and McKenricks." (Report of Viewers, p. 3.)

---

7. *See also*, comment to Section 511 of the Eminent Domain Code, 26 P.S. § 1–511, stating that among others, the statute requiring viewers to make findings of necessity for the opening of a private road is not repealed.

8. This section, entitled "Duties of viewers," is found in Chapter 4 of Title 36 and pertains to the laying out of public roads; however, it has consistently been applied to private road cases.

Having considered the appropriate factors, the viewers acted within their discretion. The viewers laid out the road along the shortest of the alternative routes. They chose the route that results in the least injury to private persons, burdening only two properties and four individuals as opposed to seventeen individuals. The road will use an existing farm lane and run along the edge of a cultivated field, again, minimizing injury to private persons and avoiding any interference with farming operations. Forrester expressed a preference for the route and stated that at one time his father had used the road with permission. Those considerations alone justify the viewers' determination. The fact that the viewers may have considered the past permissive use does not constitute an abuse of discretion. The fact that Forrester and his father once used the farm lane at least partially explains Forrester's preference for the shortest route.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 2nd day of May 2001, the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, in the above-captioned matter is affirmed.