**Milton Kenneth BENNER, Appellant**

v.

**Paul H. SILVIS, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 27, 2008.

Filed May 15, 2008.

Joseph P. Green, Bellefonte, for appellant.

Robert C. Rayman, State College, for appellee.

BEFORE: FORD ELLIOTT, P.J., DONOHUE, and POPOVICH, JJ.

OPINION BY DONOHUE, J.:

¶ 1 Appellant Milton Kenneth Benner ("Benner") appeals from the order dated May 25, 2007 denying his motion for post-trial relief from the trial court's verdict dated January 8, 2007 granting Appellee Paul H. Silvis ("Silvis") $26,402.90 in damages pursuant to the Private Road Act, 36 P.S. §§ 2731–2763. For the reasons set forth herein, we reverse and remand.

¶ 2 The factual and procedural background of this case is as follows. Benner has owned a 40–acre parcel of land in Patton Township, Centre County since 1961, originally as a tenant-in-common with his father and brother and then as sole owner beginning in March 2004. Notes of Testimony ("N.T."), 9/12/06, Ex. D–1. Benner and his predecessors in title had historically used an existing mountain road through a forested portion of a 92–acre tract of property owned by Silvis to gain access to township road 569 (also known as the Julian Pike). Report of Board of Viewers, 6/14/05, at 2.

¶ 3 In September 2003, Silvis subdivided his property into two lots pursuant to a plan submitted to Patton Township and recorded in the office of the Recorder of Deeds of Centre County. In accordance with Patton Township zoning requirements, Silvis improved the existing mountain road into a 50–foot right of way (renamed "Grand Teton Lane"), incurring construction ($18,861.80) and engineering ($4,339.90) costs in the process. Verdict, 1/8/07, at 2. In February 2005, Silvis sold one of the subdivided lots to a third party for $285,000.00. N.T., 9/12/06, Ex. P–2.

¶4 On June 11, 2004, Benner filed a petition to open a private road pursuant to the Private Road Act, demanding a right-of-way over Grand Teton Lane to provide him with access from his landlocked property to the nearest public road (Julian Pike). The trial court appointed a Board of Viewers, which conducted a view of the premises on October 11, 2004. In a report dated March 18, 2005 and filed June 14, 2005, the Board of Viewers issued the following conclusions of law and recommendations:

*Conclusions of Law*

1. The petitioner is entitled to a 25 foot wide private right of way over Grand Teton Lane as depicted on Petitioner's Exhibit 2.
2. The proposed route is a necessary means of access to the Petitioner's land for purposes of the private road act.

*Recommendations*

It is the finding of the Board of Viewers that the Petitioner has shown necessity for the requested right-of-way and that a hearing should be held on the question of damages.

Report of Board of Viewers, 6/14/05, at 3.

¶5 At the subsequent hearing on damages before the Board of Viewers, expert appraisers for both parties testified that the value per square foot of the property within the right-of-way was approximately $0.25. Report of Board of Viewers Determining Compensation, 3/16/06, at 3. Silvis' appraiser valued the entirety of Grand Teton Lane with its 50–foot width, for a total taking of 1.46 acres and a value of $15,938. *Id.* Benner's appraiser, on the other hand, limited his appraisal to a 25–foot width and reduced the value of the taking by half since the property interest condemned was for an easement rather than a fee simple.

*Id.* With these limitations, Benner's expert assigned a value of $6,500 to the proposed taking. *Id.* The Board of Viewers, citing the statutory limitation of 25 feet in width for private roads and agreeing with the one half reduction due to the nature of the property interest at issue, awarded Silvis $6,500 in damages. *Id.* at 3–4. The Board of Viewers rejected Silvis' demands for additional damages for engineering work and a hydrology study for the construction of Grand Teton Lane. *Id.*

¶6 On March 22, 2006, Silvis filed exceptions to the Board of Viewers' report on damages. In response, the trial court initially scheduled a *de novo* hearing for April 7, 2006, but subsequently decided to hold a status conference on that date instead. After the status conference, the trial court entered an order scheduling another view for August 30, 2006 and a non-jury trial for September 12, 2006. On September 12, 2006, the trial court did not receive any testimony from witnesses, but rather agreed with counsel to allow for the submission of exhibits and a stipulation of agreed upon facts. On November 1, 2006, the trial court established a briefing schedule for the submission of legal briefs by the parties.

¶7 On January 8, 2007, the trial court issued its Verdict and Supporting Opinion in which it reversed the decision of the Board of Viewers. The trial court found that Silvis' expert "provided an accurate appraisal of the land in question" and awarded damages based on the entirety of Grand Teton Lane because Benner "will receive the right to use the entire 50–foot width." Verdict, 1/8/07, at 4. The trial court also agreed with the decision of Silvis' expert not to reduce the fee simple value by half (because only an easement was being condemned for Benner's use), pointing out that "the right-of-way reduces [Silvis'] use of the land compromising the

easement .... [and Silvis] cannot sell such land for the unrestricted use of the purchaser." *Id.* at 4–5. The trial court also granted Silvis damages for construction and engineering costs incurred in developing Grand Teton Lane, arguing that Benner "will receive the benefit of such services." *Id.* at 5. In total, the trial court awarded Silvis $18,669.00 for the right of way, $6,287.27 for construction costs, and $1,446.63 for engineering costs. *Id.*

¶ 8 This timely appeal followed, in which Benner raises two questions for our consideration:

1. Whether the lower court erred as a matter of law when it based its award of compensation, in part, on the basis of a fifty (50) foot right-of-way width as opposed to a twenty-five (25) foot right of way width?

2. Whether the lower court erred as a matter of law in its determination relating to the total amount of damages to be awarded as compensation in a private road matter where it included amounts for construction and engineering fees associated with the Appellee's subdivision?

Appellant's Brief at 3.

¶ 9 Before addressing these issues, however, we must first determine whether this Court has jurisdiction to decide this case. In prior decisions, both this Court and the Commonwealth Court have held that cases brought pursuant to the Private Road Act are in the nature of eminent domain proceedings and thus within the exclusive jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762(a)(6). *See, e.g., In re Laying Out and Opening a Private Road,* 405 Pa.Super. 298, 592 A.2d 343, 346 (1991); *Man-*

*dracchia v. Stoney Creek Real Estate,* 133 Pa.Cmwlth. 510, 576 A.2d 1181, 1183 n. 2 (1990). Nevertheless, because neither party has raised an objection to the jurisdiction of this Court, we will consider it on its merits in the interests of judicial economy pursuant to 42 Pa.C.S.A. § 704 and Rule 741 of the Pennsylvania Rules of Appellate Procedure. *See In re: Laying Out and Opening a Private Road,* 592 A.2d at 346.

¶ 10 Originally enacted in 1836, the Private Road Act creates a statutorily granted privilege allowing a private citizen to condemn the land of a neighbor to permit access from a landlocked parcel to a public road. Upon petition, a board of viewers shall be appointed to conduct a view and report whether a private road is necessary for the benefit of the landlocked parcel. 36 P.S. § 2731. When the board of viewers determines that a private road is necessary, " ... the proceedings in such case[ ] shall be entered on record ... and thenceforth such road shall be deemed and taken to be a lawful private road." 36 P.S. § 2732.

¶ 11 Thereafter, "the damages sustained by the owners of the land through which any private road may pass shall be estimated in the manner provided in the case of a public road." 36 P.S. § 2736. Compensation for takings for public roads is determined in accordance with the procedures and measurements of damages set forth in the Eminent Domain Code, 26 Pa.C.S.A. §§ 101–1106, and therefore these procedures and measurements of damages likewise apply to takings for private roads. *See, e.g., In re: Laying Out and Opening of Private Road,* 592 A.2d at 348; *In re: Private Road in Greene Township,* 343 Pa.Super. 304, 494 A.2d 859, 861–62 (1985).[1]

---

1. This Court is bound by this relevant Superior Court precedent. The Commonwealth Court has found to the contrary, namely that

the Eminent Domain Code does not apply to the Private Road Act and that instead the reference to public roads in 36 P.S. § 2736

¶ 12 Chapter Five of the Eminent Domain Code provides for the appointment of a board of viewers to determine damages, and Chapter Seven identifies the types and measures of available damages. 26 Pa. C.S.A. § 501–522, 701–716. Section 701 provides that a condemnee is entitled to "just compensation for the taking, injury or destruction of his property," and section 702(a) defines "just compensation" as follows:

Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected by the condemnation and the fair market value of the property interest remaining immediately after the condemnation and as affected by the condemnation.

26 Pa.C.S.A. § 702(a).

■ ¶ 13 A properly appointed board of viewers constitutes an independent tribunal, and while its findings are subject to review, its authority may not be infringed upon by a trial court's substitution of its judgment for that of the viewers. *Driver v. Temple*, 374 Pa.Super. 389, 543 A.2d 134, 136–37 (1988); *In re: Private Road in Monroeville Borough, Allegheny County*, 204 Pa.Super. 552, 205 A.2d 885, 887 (1964). In reviewing the report of a board of viewers, a trial court may confirm it or reject it and direct a review. *Id.; In re: Laying Out and Opening a Private Road*, 592 A.2d at 346. Appellate review is limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion. *Id.; Driver*, 543 A.2d at 137; *In re: Private Road in Greene Township*, 494 A.2d at 861.

■ ¶ 14 In this case, we find that the trial court abused its discretion by substituting its judgment for that of the Board of Viewers. The trial court appears to have awarded damages on some theory of unjust enrichment, finding that Benner waited until Silvis improved Grand Teton Lane before petitioning for an easement and thus sharing in the benefits of the improvements without sharing in any of their costs. Whether or not this is true, it cannot form the basis for an award of damages under the Private Road Act, as available damages are prescribed by statute.

¶ 15 Here, the Board of Viewers awarded damages based upon its grant of an easement over Grand Teton Lane with a width of 25 feet, properly concluding that this was the maximum length allowable under the Private Road Act. The Private Road Act unambiguously provides that the "breadth of a private road shall not in any case exceed twenty-five feet." 36 P.S. § 1901. Because this provision placed a specific limitation on the Board of Viewers, it was not within the power of the appointed viewers to waive it, regardless of the circumstances presented. *Fengfish v. Dallmyer*, 434 Pa.Super. 250, 642 A.2d 1117, 1119–20 (1994) ("The power of a

refers only to 36 P.S. § 1781 *et seq.* (providing procedures for determination of damages by appointment of a board of viewers). *See, e.g., Mattei v. Huray*, 54 Pa.Cmwlth. 561, 422 A.2d 899, 901 (1980); *In re: Forrester*, 773 A.2d 219, 222 (Pa.Commw.2001). With regard to the measure of damages, however, this is a distinction without a difference, since the measurement of damages for the taking of private roads as established in prior cases over many years is identical to that set forth in the Eminent Domain Code (the difference in fair market value before and after the condemnation). *See, e.g., In re: Laying Out and Opening of Private Road*, 592 A.2d at 351 (Beck, J., concurring) ("The rule is 'so well established by a long line of cases in Pennsylvania that citations seem unnecessary.'") (quoting P.H. Lewis, *Eminent Domain in Pennsylvania*, at 32).

board of view to take private land for the use of another person exists only by virtue of statute, and the board's exercise of that power is limited strictly according to the terms of the statute creating the power."). The trial court thus erred as a matter of law when it substituted its judgment for that of the Board of Viewers and awarded damages for the full 50 foot width of Grand Teton Lane.

¶ 16 Likewise, the trial court erred by awarding damages for a proportionate share of Silvis' construction and engineering costs for the improvement of Grand Teton Lane. In its Verdict and Supporting Opinion dated January 8, 2007, the trial court did not cite to any statutory or other legal basis for awarding such damages in an action under the Private Road Act. In his appellate brief, Silvis argues that section 711 of the Eminent Domain Code provides for reimbursement of engineering fees and that section 714 allows for the recovery of consequential damages. Appellee's Brief at 6. With regard to engineering fees, we believe that Silvis intended to reference section 710,[2] which provides that "the owner of any right, title or interest in real property acquired or injured by an acquiring agency ... shall be reimbursed in an amount not to exceed $4,000 as a payment towards reasonable expenses actually incurred for appraisal, attorney and engineering fees." 26 Pa.C.S.A. § 710.[3] Silvis offered no evidence to the Board of Viewers, however, that he incurred any engineering fees in connection with Benner's condemnation of a private easement. To the contrary, the evidence amply demonstrated that Silvis improved Grand Teton Lane for the purpose of satisfying the township's requirements for his new subdivision. Silvis instituted proceedings for his new subdivision prior to the filing of Benner's petition under the Private Road Act.

¶ 17 Consequential damages pursuant to section 714 of the Eminent Domain Code are strictly limited by the language of the section and clearly do not include construction costs of the type awarded by the trial court here. Section 714 provides that "[a]ll condemnors, including the Commonwealth, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interferences with access or injury to surface support, whether or not any property is taken." 26 Pa. C.S.A. § 714. This case does not involve changes of grades, interferences with access, or injury to surface support.

¶ 18 In the absence of any statutory authority to support the damages awarded to Silvis by the trial court, we reverse the order dated May 25, 2007 denying Benner's motion for post-trial relief from the Verdict and Supporting Opinion dated January 8, 2007. This case is remanded to the trial court for further proceedings consistent with this decision.

¶ 19 Order reversed. Case remanded. Jurisdiction relinquished.

---

2. Section 711 of the Eminent Domain Code is entitled "Payment on account of increased mortgage expenses" and clearly does not apply to the present case.

3. Because the taking here occurred prior to September 1, 2006, the effective date of enactment of section 710, the prior version of this provision (section 1–610) would apply instead. The language of section 1–610 is identical in pertinent part to that in the current section 710, except that the amount of reimbursement was limited to $500.