J-S05035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RASHEED NIFAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUSAN DARR AND ANDREA WEIMER | |
| Appellees | No. 1133 WDA 2014 |

Appeal from the Order Entered June 20, 2014
In the Court of Common Pleas of Somerset County
Civil Division at No: 382 Civil 2014

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 19, 2015**

Appellant, Rasheed Nifas, appeals from the trial court's June 20, 2014 order dismissing his petition to file an *in forma pauperis* ("IFP") civil action against Appellees, Susan Darr and Andrea Weimer.  The trial court deemed Appellant's underlying complaint frivolous and dismissed Appellant's petition pursuant to Pa.R.C.P. 200(j).  We vacate and remand.

According to Appellant's complaint, he is an inmate at SCI Somerset, and Appellees are Pennsylvania Department of Corrections ("DOC") employees who work there.[1]  Complaint, 6/11/14, at ¶¶ 4-6.  Appellant

_____

[1]  The complaint purportedly sues Appellees in their individual capacities. Complaint, 6/11/14, at ¶ 7.  Nonetheless, Appellant's allegations relate to Appellees' activities as DOC employees.  Arguably, Appellant should have filed this appeal with the Commonwealth Court pursuant to 42 Pa.C.S.A.
*(Footnote Continued Next Page)*

alleges Appellees have been opening and reading his legal mail, in violation of various statutory and constitutional rights. *Id.* at ¶¶ 13-16. Appellant requests declaratory relief and damages. *Id.* at Part VIII.

"A party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis." Pa.R.C.P. 240(b). Pursuant to Rule 240, Appellant filed his IFP petition simultaneously with his complaint

*(Footnote Continued)* _____

§ 762(a). Since he did not, and since Appellees do not object to our jurisdiction, we may entertain this appeal. ***Benner v. Silvis***, 950 A.2d 990, 993 (Pa. Super. 2008). Indeed, § 704 of the Judicial Code provides:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

42 Pa.C.S.A. § 704(a). Rule 741 of the Pennsylvania Rules of Appellate Procedure contains similar language. ***See*** Pa.R.A.P. 741(a).

We observe that Appellant's Brief evinces some confusion on this point, citing § 762 in his statement of jurisdiction but heading his cover page with "In the Superior Court of Pennsylvania." Appellant's Brief, Cover and p. 1.

We note that precedent supports the trial court's exercise of original jurisdiction, subject to sovereign immunity, over an IFP petition filed by an inmate naming DOC employees as defendants in the proposed complaint. ***See Williams v. Strickman***, 917 A.2d 915 (Pa. Commw. 2007), *appeal denied*, 932 A.2d 1290 (Pa. 2007). Likewise, this Court has exercised jurisdiction over an order denying an IFP petition based on the frivolity of an inmate's action against prison officials. ***Ocasio v. Prison Health Srvs.***, 979 A.2d 352 (Pa. Super. 2009); ***Commonwealth ex. rel. Fortune v. Dragovich***, 792 A.2d 1257 (Pa. Super. 2002), *appeal denied*, 803 A.2d 732 (Pa. 2002).

against Appellees. The trial court dismissed Appellant's complaint pursuant to Rule 240(j):

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.C.P. 240(j)(1), Note (quoting **Neitzke v. Williams**, 490 U.S. 319, 325 (1989)); **see also**, **Robinson v. Commonwealth, Bd. of Prob. and Parole**, 582 A.2d 857, 860 (Pa. 1990). "When reviewing a trial court's denial of an in forma pauperis petition, this court is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." **Williams v. Syed**, 782 A.2d 1090, 1093 (Pa. Commw. 2001).

The trial court dismissed Appellant's complaint pursuant to **Brown v. Pa Dep't of Corr.**, 932 A.2d 316 (Pa. Commw. 2007). In **Brown**, the Commonwealth Court explained DOC policy on the opening of legal mail addressed to inmates:

> [A]n attorney or court may correspond confidentially with an inmate by obtaining a 'control number' from DOC and placing the number on the envelope. DOC avers that the purpose of the control number is to ensure that contraband does not enter the prison under the guise of privileged correspondence or confidential court mailings. DOC further avers that when mail not bearing a control number is opened outside the inmate's

presence, it is inspected **but may not be read** without the written order of its Regional Deputy Secretary.

*Id.* at 318 (emphasis added). The ***Brown*** Court held the DOC policy to be constitutional. *Id.* at 322. The Third Circuit has reached the same result. ***Fontroy v. Beard***, 559 F.3d 173, 184 (3d Cir. 2009).

The fatal defect in Appellant's complaint, according to the trial court, was Appellant's failure to allege he obtained a control number for the mail in question. At paragraph 13 of Appellant's complaint, however, Appellant alleges Appellees "constantly opened, **read, and reproduced** incoming privilege [sic] legal mail …." Complaint, 6/11/14, at ¶ 13. He repeats that allegation several times. *Id.* at ¶¶ 14-16. Based on that allegation, ***Brown*** is not dispositive. The DOC policy, as described in ***Brown***, forbade DOC personnel to open **and read** an inmate's legal mail, even if that mail lacked a control number.[2] Since Appellant has alleged that Appellees open and read his legal mail, his failure to allege the presence of a control number is immaterial under the ***Brown*** Court's analysis.

The trial court was therefore incorrect in dismissing Appellant's complaint as frivolous based solely on ***Brown***. The trial court did not

---

[2] Appellant does not allege the absence of an order from the Regional Deputy Secretary authorizing Appellees to read Appellants' mail. ***See Brown***, 932 A.2d at 318. We cannot rely on this omission as an alternate basis for affirming the trial court, as we have no reason to assume Appellant has sufficient information to allege the absence of such an order.

address Appellant's allegation that Appellees read his legal mail. Trial Court Opinion, 8/5/14.[3] Appellees likewise ignore this allegation. We conclude the trial court committed an error of law in deeming Appellant's complaint frivolous pursuant to **Brown**, because **Brown** does not support a conclusion that Appellant's complaint lacks an arguable basis in law or fact.[4]

Order vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2015

_____

[3]  The trial court's opinion is not paginated. It spans only two pages, with the second page containing only the signature line.

[4]  We express no opinion on whether Appellant's lawsuit is frivolous for reasons other than the one given by the trial court.