In re: Vacation of Raccoon : 
Creek Road by Ordinance : 
No. 2-2016 : 
                     :   No. 361 C.D. 2022 
Appeal of: Artemis Chirgott :   Submitted: May 12, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  September 6, 2023

Artemis Chirgott (Appellant) appeals from the Beaver County Common Pleas Court's (trial court) March 17, 2022 order affirming the Board of Viewers' (Board) decision.[1] There are three issues before this Court: (1) whether Appellant is entitled to recover the damages she claimed as a result of the Center Township (Township) Board of Supervisors' (Appellee) decision to vacate the portion of Raccoon Creek Road (Road) that traversed her 200-acre property located in the Township (Property); (2) whether Appellee's decision to vacate the Road constituted a *de facto* taking where Appellant was not deprived of the beneficial use and enjoyment of her Property, and was not otherwise subjected to Property loss; and (3) whether the Board erred in rendering its evidentiary rulings during the hearing.[2]

---

[1] Although the order was dated March 17, 2022, it was filed on March 21, 2022 and entered on the docket on March 22, 2022.

[2] In her Statement of Questions Involved, Appellant presented 11 issues for this Court's review: (1) whether the trial court erred by relying on the Board's Report, which gave rise to issues

The Road is the only apparent means of public access to the Property. The only improvements on the Property are a residential rental dwelling and outbuildings.[3] The Road, as it approaches the Property, is narrow and in poor condition with a steep hill on one side and a drop-off on the other. The Road is in similar condition as it continues through Appellant's Property. The Road requires periodic maintenance, is subject to landslides from time to time, and can accommodate only one lane of traffic. Due to the Road's physical location and condition, it would be extremely difficult for Appellant to develop the Property beyond its present use or for agricultural purposes. Electricity is the only available utility on the Property, and there is no public water or sewer service.

On October 3, 2016, Appellee Adopted Ordinance No. 2016 (Ordinance), which vacated a portion of the Road. The vacated portion begins where

---

of erroneous determinations; (2) whether the trial court erred when exhibits submitted to the Board were accepted into evidence but ignored by the Board and the trial court in their determinations; (3) whether the trial court and the Board erred when they stated in Paragraph 30 of the Board's Report that no evidence of fees was offered; (4) whether the Board erred by failing to recognize the mandates of the Eminent Domain Code (Code), 26 Pa.C.S. §§ 101-1106; (5) whether the Board erred in its award of damages by failing to allocate damages and by failing to include damages that were admitted and offered into evidence; (6) whether the Board's decision was erroneous, arbitrary and capricious because it contained various errors and denied a trial by jury as demanded; (7) whether the Pennsylvania Rules of Evidence were misapplied by the Board and the trial court, and not more relaxed as permitted in the less formal Board hearing; (8) whether the Board and the trial court gave any weight to the 27 exhibits offered and received into evidence; (9) whether the trial court mistakenly indicated that the proceedings were not dealing with a *de facto* condemnation, subject to the mandates of the Code; (10) whether the two cases relied upon by the trial court (*Benner v. Silvis*, 950 A.2d 990 (Pa. Super. 2008), and *In re Vacation of Hain Avenue, Swatara Township, Lebanon County*, 420 A.2d 760 (Pa. Cmwlth. 1980),) are factually similar to the instant case and whether they address damages under Section 715 of the Code, 26 Pa.C.S. § 715; and (11) whether the case should have been ordered to proceed to a jury determination as demanded and required by Section 518(3) the Code, 26 Pa.C.S. § 518(3). *See* Appellant Br. at 5-6. Because Appellee's Counterstatement of the Questions Involved encompass the pertinent issues before this Court, *see* Appellee Br. at 1-2, and the issues presented in Appellant's brief are subsumed in those issues, this Court will address those issues accordingly.

[3] An outbuilding is "a building (such as a stable or woodshed) separate from but accessory to a main house." https://www.meriam-webster.com/dictionary/outbuilduing (last visited Sept. 5, 2023).

the Road enters the Property and extends through the Property for approximately one-half of a mile. Appellant filed a Petition for Review (Petition) and Exceptions in the trial court challenging Appellee's adoption of the Ordinance. The trial court held a status conference on August 21, 2017, which the Township's counsel, Appellant's counsel, and the Board's Chairman W. John Rackley, Esquire, attended. During the status conference the parties' counsel and Board Chairman agreed that the Board would limit its decision to the issue of damages and not consider the Ordinance's validity.

On September 21, 2017, the Board viewed the Property after giving proper notice to the Township, Appellant, and their respective counsel, the latter of whom attended the view. On April 29 and April 30, 2021, after proper notice was given to the aforesaid counsel, the Board held a hearing. On September 7, 2021, the Board awarded Appellant $209,500.00 in compensatory damages, plus delay damages from October 3, 2016. On October 5, 2021, Appellant filed Objections to the Board's Report and Appeal from the Board's Damages. On March 17, 2022, the trial court affirmed the Board's award of damages. Appellant appealed to this Court.[4]

> Initially,
>
> [t]he [Board] is "an independent tribunal" and "fact[-]finder." *Soska v. Bishop*, 19 A.3d 1181, 1187 (Pa. Cmwlth. 2011) (citing *Mandracchia v. Stoney Creek Real Est[.] Corp[.]*, . . . 576 A.2d 1181, 1182-83 ([Pa. Cmwlth.] 1990)). It is for the [B]oard, as the fact[-]finder to assess

---

[4] "In reviewing a [Board's] decision, '[a]ppellate review is limited to ascertaining the validity of the [B]oard's jurisdiction, the regularity of proceedings, questions of law[,] and whether the [B]oard abused its discretion.'" *In re Vacation of a Portion of Paper Mill Rd., Newtown Twp.*, 294 A.3d 975, 982 n.6 (Pa. Cmwlth. 2023) (quoting *In re Adams*, 212 A.3d 1004, 1012 (Pa. 2019) (citations omitted).

the weight and credibility of the evidence. "Because the [B]oard is the fact[-]finder, its judgments, including its determinations as to credibility of witnesses and weight of the evidence, [are] beyond the scope of appellate review." *Soska*, 19 A.3d at 1187 (citing *In re Rural Route Neighbors*, 960 A.2d 856, 860[-]62 (Pa. Cmwlth. 2008)). "Although the [B]oard's findings are subject to review and may be set aside, its authority will not be infringed upon by a court[] substituting its judgment for that of the viewers." *Driver v. Temple*, . . . 543 A.2d 134, 136-37 ([Pa. Super.] 1988)[.] . . . Further, it is well settled that the fact[-]finder may "draw all reasonable inferences from the evidence presented." *Rural Route Neighbors*, 960 A.2d at 861.

*In re Vacation of a Portion of Paper Mill Rd., Newtown Twp.*, 294 A.3d 975, 984 (Pa. Cmwlth. 2023) (citations and footnote omitted). As the fact-finder, the Board "is required to make crucial findings of fact on all essential issues necessary for review by the [trial court] and this Court, but is not required to address specifically each bit of evidence offered." *Pistella v. Workmen's Comp. Appeal Bd. (Samson Buick Body Shop)*, 633 A.2d 230 (Pa. Cmwlth. 1993) (citation omitted); *see also Paper Mill Rd.*, 294 A.3d at 985-86 ; *Stout v. Unemployment Comp. Bd. of Rev*. (Pa. Cmwlth. No. 426 C.D. 2021, filed Mar. 21, 2022), slip op. at 20.[5]

Appellant argues:

The Board . . . erred and apparently picked a number out of the air as damages (it didn't appear to be allocated in any way to damages claimed by [Appellant]), and further erred by failing to include the lost rental admitted to by the Township [(]when they [sic] discontinued agreed [sic] upon rental reimbursement). An example of the casual treatment of [Appellant] is the fact that the testimony of her appraiser and the amount paid to her were ignored by the [Board] and the [trial c]ourt. . . .

---

[5] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Appellant Br. at 23.

Section 715 of the Eminent Domain Code (Code) provides: "Whenever a public road, street or highway is vacated, the affected owners may recover damages for any injuries sustained, even though no land is actually taken." 26 Pa.C.S. § 715. Section 709 of the Code specifies:

> Where proceedings are instituted by a condemnee under [S]ection 502(c) [of the Code, 26 Pa.C.S. § 502(c)] (relating to petition for appointment of viewers), a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred.

26 Pa.C.S. § 709.

Despite the Board referring to: Appellee's appraiser's testimony that in his opinion, the Property's fair market value (FMV) before the Road's vacation (pre-vacation FMV) was $421,850.00, and the FMV thereafter and as affected thereby (post-vacation FMV) was $426,300.00;[6] Appellant's appraiser's testimony that the Property's pre-vacation FMV was $699,500.00, and post-vacation FMV was $0.00; Appellant's appraiser's written report stating that the pre-vacation FMV was $470,500.00, and post-vacation FMV was $47,050.00;[7] and Appellant's additional evidence of further damages in the amount of $7,752,690.00,[8] the Board awarded Appellant, "**after consideration of the evidence submitted and after a careful view of the Property**," $209,500.00 in compensatory damages, plus delay damages from October 3, 2016. Original Record (O.R.) at 76 (emphasis added).

---

[6] *See* Original Record (O.R.) at 75. Because the Original Record pages are not numbered, the page numbers herein reflect electronic pagination.

[7] *See* O.R. at 74.

[8] *See* O.R. at 75.

5

The Board's only explanation for the amount it awarded Appellant was:

> [] The Board [did] not believe that the damages itemized in Paragraph 23[9] are recoverable in this case, but assuming that they are, no weight is given to the evidence presented in support thereof due to the hearsay nature of the written exhibits, the speculative aspect of the damages alleged and [Appellant's brother's[10]] lack of competency to testify as to the alleged damages.

> [] Section 715 of the . . . Code . . . provides for "damages for any injuries sustained" where a road has been vacated. Section 709 of the Code states that where no declaration of taking is filed, condemnee shall be reimbursed for reasonable appraisal, attorney and engineering fees shall be awarded.

O.R. at 76. The Board added that Appellant "offered no evidence regarding fees incurred for appraisals, [or] attorney or engineering fees." *Id.* While the Board explained its rejection of certain evidence, which was within its province to do, and specified that certain evidence was not submitted, it did not specify the basis for its damage award.

This Court's review of the Board's damage award includes a determination as to whether the Board abused its discretion. *See Paper Mill Rd.*

> [A]n abuse of discretion is established when findings of fact are not supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Ass['n] v. Zoning [Bd.] of Adjustment*, . . . 462 A.2d 637, 640 ([Pa.] 1983). "[A]n abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality,

---

[9] Paragraph 23 referenced Appellee's appraiser. This Court suspects the Board inadvertently referenced that paragraph.

[10] Appellant's brother testified regarding a portion of Appellant's alleged additional damages.

6

prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Paden* [*v. Baker Concrete Constr., Inc.*], 658 A.2d [341], 343 [(Pa. 1995)].

*Paper Mill Rd.*, 294 A.3d at 985 (citation omitted).[11]

Because the Board failed to explain what evidence it relied upon in determining the amount of Appellant's damages, this Court is unable to determine whether the Board abused its discretion in making said determination. Accordingly, this Court vacates the trial court's order and remands the matter to the trial court to remand to the Board to issue a new report setting forth the basis for its award of $209,500.00 in compensatory damages to Appellant.[12]

For all of the above reasons, the trial court's order is vacated, and the matter is remanded to the trial court to remand to the Board.

_____
ANNE E. COVEY, Judge

---

[11] Here, the trial court summarily determined that "the [Board] did not abuse [its] discretion when awarding the amount of damages to [Appellant]." Trial Ct. Mar. 17, 2022 Order at 5-6.

[12] Given this Court's disposition of the first issue, this Court does not reach the remaining issues.

7

In re: Vacation of Raccoon :
Creek Road by Ordinance :
No. 2-2016 :
                           : No. 361 C.D. 2022
Appeal of: Artemis Chirgott :

## O R D E R

AND NOW, this 6th day of September, 2023, the Beaver County Common Pleas Court's (trial court) order dated March 17, 2022, and entered March 22, 2022, is VACATED, and the matter is REMANDED to the trial court to REMAND to the Board of Viewers to issue a new Report consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge