500 A.2d 482

**Harry and Tillie FILLER Appellants**

**v.**

**COMMONWEALTH FEDERAL SAVINGS AND LOAN ASSOCIATION and City of Philadelphia.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1985.

Filed Nov. 8, 1985.

Norman Shigon, Philadelphia, for appellants.

Bernard F. Pettit, Philadelphia, for Com. Federal, appellee.

Michael Tolcott, Assistant City Solicitor, for Philadelphia, appellee.

Before ROWLEY, DEL SOLE and BECK, JJ.

PER CURIAM:

Appellant, Harry Filler, and his wife filed this action in trespass to recover damages for personal injuries alleged to have been sustained by Mr. Filler when he fell on an accumulation of snow and ice on a public sidewalk in the City of Philadelphia. The trial court sustained the City's preliminary objections in the nature of a demurrer. Appellant's claim, on appeal, that the City is *primarily* liable rather than secondarily liable requires the construction and application of Philadelphia Police Department Directives

Nos. 31 and 21, Section 10–719 of the Philadelphia Code, and the effect of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(7), on the Directives and Code.

Exclusive jurisdiction of appellants' direct appeal is vested in the Commonwealth Court of Pennsylvania. 42 Pa.C.S.A. § 762(a)(4)(i)(A) and (B). We are aware, of course, that where, as here, the appellee has not objected to our Court's jurisdiction we have discretion either to decide the case on the merits or to transfer it to the Commonwealth Court. 42 Pa.C.S.A. §§ 704(a) and 705. Pa.R.A.P. 741(a) and 751(a). We are of the opinion that transfer to the Commonwealth Court is appropriate in this case because of the special expertise of the Commonwealth Court in dealing with issues such as those raised here. Transfer will also avoid a possible conflict of decisions between our Court and the Commonwealth Court. *See Osser v. City of Philadelphia,* 295 Pa.Super. 447, 441 A.2d 1317 (1982).

For the foregoing reasons, this case is transferred, pursuant to Pa.R.A.P. 751(a), to the Commonwealth Court of Pennsylvania for further proceedings.