534 A.2d 1062

**LARA, INC., Appellant,**

**v.**

**DORNEY PARK COASTER CO., INC. and South Whitehall Township, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1987.

Filed Nov. 12, 1987.

Reargument Denied Jan. 13, 1988.

28

Thomas R. Elliott, Jr., Easton, for appellant.

Howard A. Wiener, Philadelphia, for Dorney Park, appellee.

Thomas H. Dinkelacker, Wilkes–Barre, for South Whitehall Tp., appellee.

Before CAVANAUGH, ROWLEY and MONTEMURO, JJ.

CAVANAUGH, Judge:

This is an appeal from a decree denying the petition of Lara, Inc. for injunctive relief and transferring the case from equity to the law side of the court. The first issue raised by appellant is that the court below erred in refusing to admit for purposes of the equity proceeding evidence relevant to the plaintiff's claim that South Whitehall Township interfered with the contract between Dorney Park and Lara, Inc. and that the Township abused its governmental power.[1]

Dorney Park, an amusement park located near Allentown in Lehigh County, Pennsylvania, maintained a racetrack facility for stockcar races. The appellant, Lara, Inc., conducted races at the track under a licensing agreement with Dorney Park. Lara, Inc., or its predecessor corporation, has been promoting car racing at Dorney Park for over twenty years, when a licensing agreement was first entered with Dorney Park. On April 16, 1979 Lara, Inc. and Dorney Park entered the agreement which is involved in the dispute now before the court. Under the agreement Dorney Park, as licensor, granted licensee, Lara, Inc., the option of renewing the license under certain circumstances. In September, 1986, Lara, Inc. notified Dorney Park by a letter that it exercised its option to renew the license for racing during the 1987 summer season. In October, 1986, the president of Lara, Inc. was notified that its license to operate automobile racing during the 1987 and any subsequent season was being rescinded. The apparent reason for the rescission of

---

1.  Two other issues were also raised as follows:
    2.  Did the lower court err in failing to find, and refusing to specifically enforce, a binding contract created by the exercise by Lara, Inc. of its option to renew its license for the 1987 racing season prior to the purported termination by the Dorney Park Coaster Company?
    3.  Did the lower court err in treating plaintiff's application for a preliminary injunction as a final hearing on the merits without stipulation of counsel or prior notice to plaintiff?

the license was an agreement which had been entered into between Dorney Park and South Whitehall Township under which Dorney Park agreed that all racing at its track would be ended as of November 1, 1986.

The appellant filed a complaint in equity against Dorney Park Coaster Co., Inc. and South Whitehall Township. In its complaint, the appellant sought to have the defendant, Dorney Park, enjoined from prohibiting the plaintiff from operating races during the 1987 season at the racetrack and interfering with the plaintiff's having races performed on the track. As far as South Whitehall Township was concerned, the plaintiff sought to restrain the Township from interfering with the agreement dated April 16, 1979, between Dorney Park and Lara, Inc.

The appellant also filed a petition for injunctive relief in which it sought a preliminary injunction directing Dorney Park to specifically perform its agreement with Lara, Inc. by allowing Lara to conduct stockcar races at Dorney Park for the 1987 racing season and for subsequent seasons. The court below, through Young, J., following a pre-trial conference, proceeded immediately to a final hearing on the merits. The court then entered its order of March 27, 1987, as a final order.[2]

The first issue raised by the appellant is whether "The lower court [erred] in refusing to admit for purposes of the equity proceeding evidence relevant to plaintiff's claims of interference with contract and abuse of governmental power." In connection with this issue, the appellant argues in

**2.** The order of March 27, 1987 (filed on March 30, 1987) denied the petition of appellant for injunctive relief and transferred the case from equity to law. The order stated: "This decision is intended to be final under Pa.R.A.P. 311(a)(4) or 341(a), and is certified as ready for appeal without further proceedings." Footnote 1 of the order stated: "The omission of a decree nisi pursuant to Pa.R.C.P. 1517(a)(4) is intentional. *Time is of the essence to the Plaintiff if injunctive relief is to be required by an appellate court.*" (Emphasis added)

    The order is appealable as an appeal may be taken from the denial of a petition for an injunction. Pa.R.A.P. 311(a)(4). See also *Independence Hall Parking, Inc. v. Commonwealth of Pennsylvania, Department of Transportation,* 86 Cmwlth.Ct. 573, 486 A.2d 534 (1984) affd. 509 Pa. 623, 506 A.2d 896 (1986).

support of its claim for equitable relief that: "In this case the availability of *any* remedy at law against the Township's unlawful conduct is in question in view of the Pennsylvania Political Subdivision Tort Claims Act, granting to governmental entities extensive immunity from damage claims." Indeed, South Whitehall Township had filed preliminary objections in the nature of a demurrer to the complaint claiming governmental immunity under 42 Pa. C.S. § 8541 et seq.[3]

Considering the nature of the complaint in equity and the preliminary objections of South Whitehall Township, our initial inquiry is whether this court has jurisdiction over this appeal and we may raise the issue *sua sponte. Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218 (1986). If we determine that jurisdiction is vested in the Commonwealth Court, we may transfer the case to that court. *Brady Contracting Co. v. West Manchester Township Sewer Authority*, 338 Pa.Super. 144, 487 A.2d 894 (1985); 42 Pa.C.S. § 705. The Commonwealth Court has exclusive jurisdiction as set forth in 42 Pa.C.S. § 762 as follows:

§ 762. Appeals from courts of common pleas

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the court of common pleas in the following cases:

.    .    .    .    .

(4) Local government civil and criminal matters.

(i) All actions or proceedings arising from any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or *where is drawn in question the application, interpretation or enforcement of any:*

---

**3.** 42 Pa.C.S. § 8541 provides:

§ 8541. Governmental immunity generally

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

(A) *statute regulating the affairs of political subdivisions, municipality and* other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity. (Emphasis added)

In its complaint in equity, Count 2, the appellant alleged that the Township maliciously interfered in the contractual relationship between the appellant and Dorney Park and that the Township deprived the appellant of its property without due process of law.[4] The court below denied the petition for a preliminary injunction and proceeded to a hearing on the merits. According to the appellant's brief at page 10: "It did so at the insistence of counsel for the Township, which sought to preserve the wall of secrecy and silence surrounding its termination of racing at the Park. *It thus precluded any inquiry into the heart of plaintiff's claim: that the Township's conduct constituted an unlawful abuse of governmental power.*" (Emphasis added)

Although the court below did not rule on South Whitehall Township's preliminary objections, claiming governmental immunity, the question is an integral part of the proceedings.[5] The appellant recognizes this as it noted in its'

**4.** The complaint in equity alleged *inter alia:*

27. The conduct of the defendant Township, in entering into an agreement with defendant Dorney Park to prohibit stockcar races at Dorney Park is malicious and capricious and constitutes an interference with the plaintiff's contractual rights with Dorney Park pursuant to the agreement of April 16, 1979.

. . . . .

30. The alleged prohibition of stockcar races at Dorney Park is an unlawful, arbitrary, and capricious attempt by the defendant Township to deprive the plaintiff of its property rights without just compensation and is a deliberate misuse of power in the attempt to regulate land use without compliance with the Pennsylvania Municipalities Planning Code and other relevant laws of the Commonwealth of Pennsylvania.

**5.** While the court did not rule on the issue of immunity of the Township with respect to malicious interference with contract, it stated at page 15–16 of the opinion: "The matters of the reasonableness of the notice of the revocation of the license and any damages flowing from the lack of sufficient notice *together with any damages arising out of a possible tortious interference by the Township with the*

appellate brief that it may have no remedy at law because of the extensive immunity granted to governmental entities. The determination of the issue of the Township's immunity for tortious interference with contract is within the exclusive jurisdiction of the Commonwealth Court under 42 Pa. C.S. § 762 as this case clearly draws into question the application of a statute regulating the affairs of a political subdivision. There is a sound reason for vesting jurisdiction of an appeal of this type in the Commonwealth Court. We stated in *Brady Contracting Co. v. West Manchester Township Sewer Authority,* supra, 338 Pa.Super. 148, 487 A.2d at 897:

> The obvious legislative intent in granting such exclusive appellate jurisdiction to the Commonwealth Court is to ensure a uniform interpretation and application of the provisions of the Political Subdivision Tort Claims Act. This jurisdiction also extends to all parties and appears in a case as long as at least one party is a local agency and the case is governed at least in part by Political Subdivision Tort Claims Act.[6]

The immunity granted to political subdivisions may be waived under certain circumstances enumerated in 42 Pa. C.S. §§ 8542 and 8550, and the Commonwealth Court has thoroughly reviewed this question in *Steiner v. City of Pittsburgh,* 97 Pa.Comwlth. Court 440, 509 A.2d 1368 (1986). With respect to the extent of governmental immunity, see also *Morris v. Musser,* 84 Pa.Comwlth. 170, 478 A.2d 937 (1984); *Auerbach v. Council Rock School District,* 74 Pa.Comwlth. 507, 459 A.2d 1376 (1983). The Commonwealth Court has special expertise in dealing with the issues raised in this case and transfer to that court is appropriate. *Filler v. Commonwealth Federal Savings and Loan Asso-*

---

*contractual rights of LARA* must be handled at law in a subsequent proceeding in the event that LARA cannot now show that it has no adequate remedy at law." (Emphasis added).

**6.** The Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, 53 P.S. §§ 5311.101–5311.803, was repealed by Section 333 of JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. § 20043. These provisions are now found in Sections 8541–8564 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8564.

*ciation,* 347 Pa.Super. 211, 500 A.2d 482 (1985); *Donaldson v. Ritenour,* 354 Pa.Super. 568, 512 A.2d 686 (1986).

Although 42 Pa.C.S. § 762 refers to the "exclusive jurisdiction" of the Commonwealth Court in certain cases, 42 Pa.C.S. § 704 provides for an exception if the appellee does not object to the exercise of jurisdiction by the Superior Court.[7] Where, as in this case, the appellee has raised no objection to our exercise of jurisdiction, it is within our discretion to transfer the matter to the Commonwealth Court or retain jurisdiction. In exercising this discretion, we must examine the question on a case by case basis. *Valley Forge Industries v. Armaud Construction, Inc.,* 248 Pa.Super. 53, 374 A.2d 1312 (1977). This court may retain jurisdiction over cases that should have been appealed to the Commonwealth Court in the interest of judicial economy. *Overstreet v. Borough of Yeadon,* 327 Pa.Super. 291, 475 A.2d 803 (1984). However, as pointed out in the recent opinion by Montemuro, J. in *Newman v. Thorn,* 359 Pa.Super. 274, 518 A.2d 1231 (1986) the interest of judicial economy must be weighed against other interests, one of which is the possibility of establishing conflicting lines of authority. In our opinion, the interest of avoiding conflicting lines of authority concerning governmental immunity and the expertise of the Commonwealth Court in this difficult area of the law are compelling reasons to transfer the case to the Commonwealth Court. Beyond this, we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court.[8]

**7.** 42 Pa.C.S. § 704 states in pertinent part:
§ 704. Waiver of objections to jurisdiction
(a) General rule.—The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

**8.** On May 8, 1987 we granted appellant's petition for an expedited appeal in this case. This was based on the fact that appellant did not want to miss the 1987 racing season which would have run from

Case transferred to the Commonwealth Court. We relinquish jurisdiction.

April, 1987 until it ended shortly after Labor Day. However, argument in this case was not heard until September 2, 1987 and appellant will suffer no financial loss by having this case transferred to Commonwealth Court as the 1987 auto racing season has now passed.