642 A.2d 1117

**David and Joyce FENGFISH, Appellees,**

**v.**

**Herbert and Louelle DALLMYER, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1994.

Filed June 2, 1994.

Daniel J. Flaherty, York, for appellants.

Larry C. Heim, York, for appellees.

Robert A. Krug, Dove, for Pfleigher, participating party.

Stephen P. Linebaugh, York, for Schaull, participating party.

Jack Barton, York; for Chairman of the Board, participating party.

Before WIEAND, McEWEN and BROSKY, JJ.

WIEAND, Judge:

The present appeal is by Herbert and Louelle Dallmyer from an order confirming a report of viewers which condemned a private right of way in favor of David and Joyce Fengfish over an existing private right of way across land owned by the Dallmyers. They argue specifically that the restriction imposed by section 5 of the Act of June 13, 1836, P.L. 551, 36 P.S. § 1901, that a private road established pursuant to the statute shall not exceed twenty-five (25) feet, prevents a board of viewers from creating private rights in and to a fifty (50) feet wide private easement which is already in place.

David and Joyce Fengfish, alleging that their land in Dover Township, York County, was landlocked, filed a petition for the appointment of a board of view to establish a private access road across the adjoining land of Herbert and Louelle Dallmyer.[1] A board of view was appointed which, after viewing the land and holding hearings, found that the Fengfish tract was landlocked and that the most convenient way to achieve access to a public road was an existing private right of way, fifty (50) feet in width and four hundred fifty-six (456) feet in length. This private easement was located on land owned by the Dallmyers and was subject to an established right of way vested in Randall and Yvonne Shaull, neighbors. The viewers found that the existing private road was the most convenient means of access to the Fengfish property and would cause the least amount of damage. The topography was such, the viewers found, as to make less desirable any other right of way. Therefore, the viewers granted to the petitioners a right to use the existing fifty (50) feet wide private right of way.

The Dallmyers filed exceptions. They contended that a fifty (50) feet wide private right of way was excessive and in derogation of the mandate contained in section two of the statute, 36 P.S. § 1785, that the road laid out by viewers "shall do the least injury to private property." They also contended that a fifty (50) feet wide right of way was excessive and that the rights of the Fengfishs should be limited to a ten (10) feet wide dirt road that ran through the existing right of way. The trial court dismissed the exceptions and confirmed the report of the viewers. The Dallmyers appealed.[2]

A board of viewers has broad authority under the Act of 1836 to determine whether a private road is necessary.

1. Also joined as parties were Richard Pfleiger and Randall and Yvonne Shaull, who owned adjacent lands.

2. Appeals from petitions seeking to lay out and open a private road are eminent domain proceedings which are within the jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S. § 762(a)(6). *In re Laying Out and Opening a Private Road*, 405 Pa.Super. 298, 303, 592 A.2d 343, 346 (1991). Accord: *Mandracchia v. Stoney Creek Real Estate Corp.*, 133 Pa.Commw. 510, 515 n. 2, 576 A.2d 1181, 1183 n. 2 (1990),

*In re Laying and Opening a Private Road,* 405 Pa.Super. 298, 304, 592 A.2d 343, 346 (1991). See also: *In re Private Road in Greene Township,* 343 Pa.Super. 304, 307, 494 A.2d 859, 860 (1985); *Mandracchia v. Stoney Creek Real Estate Corp.,* 133 Pa.Commw. 510, 514, 576 A.2d 1181, 1182 (1990). The duties of a board of view are defined by section two of the Act[3] as follows:

> The persons appointed [as viewers], shall view such ground, and if they shall agree that there is occasion for a road, they shall proceed to lay out the same, having respect to the shortest distance, and the best ground for a road, and in such manner as shall do the least injury to private property, and also be, as far as practicable, agreeable to the . desire of the petitioners.

The board's decision is subject to review by the trial court, which may confirm the report or reject it and direct further proceedings. The board's authority, however, "will not be infringed upon by a court's substituting its judgment for that of the viewers." *Driver v. Temple,* 374 Pa.Super. 389, 394, 543 A.2d 134, 136–137 (en banc), *allocatur denied,* 520 Pa. 607, 553 A.2d 969 (1988). "Appellate review of these matters is solely to ascertain the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion." *Id.* 374 Pa.Super. at 395, 543 A.2d at 137. See also: *In re Laying Out and Opening a Private Road, supra* 405 Pa.Super. at 304, 592 A.2d at 346.

Section 5 of the Act of 1836, 36 P.S. § 1901, places a specific limitation on the authority of a board of view. It

*modified on appeal,* 148 Pa.Commw. 80, 609 A.2d 871 (1992). However, 42 Pa.C.S. § 704(a) provides that if the appellee fails to file an objection to this Court's exercise of appellate jurisdiction, it is within this Court's discretion to either transfer the matter to the Commonwealth Court or retain jurisdiction over the matter. See also: Pa.R.A.P. 741. Accord: *In re Laying Out and Opening a Private Road, supra; Mandracchia v. Stoney Creek Real Estate Corp., supra; Lara, Inc. v. Dorney Park Coaster Co., Inc.,* 369 Pa.Super. 27, 534 A.2d 1062 (1987). In the present case, since no party has filed an objection to the exercise of this Court's jurisdiction, we will address the merits of the appeal in the interests of judicial economy.

3. 36 P.S. § 1785.

provides unequivocally that "[t]he breadth of a private road shall not in any case exceed twenty-five feet." See also: *Killbuck Private Road,* 77 Pa. 39 (1874). This section of the statute imposes a limitation on the power of viewers to act. As such, it is not waivable. See: *Mandracchia v. Stoney Creek Real Estate Corp., supra* 133 Pa.Commw. at 516 n. 3, 576 A.2d at 1183 n. 3. The power of a board of view to take private land for the use of another person exists only by virtue of statute, and the board's exercise of that power is limited strictly according to the terms of the statute creating the power. When a board of viewers acts outside the provisions of the statute, its acts are without authority and void. See: *Killbuck Private Road, supra.*

■ In the instant case, we have no doubt that the viewers acted wisely in following the course of the existing private right of way. When the viewers exceeded the authority given them by statute, however, and attempted to grant to the appellee-petitioners a fifty (50) feet right of way, they exceeded their authority. Any right of way in favor of appellees had to be limited to a width of twenty-five (25) feet.

The order of the trial court affirming the report of viewers is reversed, and the case is remanded to the board of viewers for further consideration consistent with the foregoing opinion.