J-S82027-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| GERALD WATKINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | No. 663 WDA 2017 |
| CORRECTIONS | : | |

Appeal from the Order March 30, 2017
In the Court of Common Pleas of Greene County Civil Division at No(s):
208 AD 2017

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

JUDGMENT ORDER BY STEVENS, P.J.E.:           FILED JANUARY 16, 2018

Appellant Gerald Watkins appeals pro se from the Order entered in the Court of Common Pleas of Greene County on March 30, 2017, denying his pro se "Original Civil Complaint."  Since this appeal is within the jurisdiction of the Commonwealth Court, we order that the appeal be transferred to that Court.

Appellant is an incarcerated inmate at S.C.I. Greene, and Appellees are the Department of Corrections ("DOC") represented by S.C.I. Greene's Secretary John Wetzel and Superintendent Robert Gilmore.  On March 8, 2017, Appellant pro se filed a document titled "Original Civil Complaint" wherein he averred violations under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution along with other claims due to the actions of prison employees with regard to his "execution/death warrant."  In an Order entered

_____
*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

on March 30, 2017, the trial court dismissed Appellant's Complaint for failure to state a claim.

On April 20, 2017, Appellant filed his notice of appeal and an application to proceed in forma pauperis. However, prior thereto on April 17, 2017, Appellees filed a Notice of Removal of the instant matter pursuant to 28 U.S.C. §§ 1441 and 1446 from the Court of Common Pleas of Greene County to the United States District Court for the Western District of Pennsylvania. In the "Notice" affixed thereto, Appellees represented to Appellant that pursuant to 28 U.S.C. § 1446(d) a Notice of Removal had been filed in the United States District Court for the Western District of Pennsylvania at Civil Action No. 17-461 on April 11, 2017.

In its Order entered on May 1, 2017, the trial court explained:

> [T]he Order dismissing the above number and term was only distributed by the Greene County Prothonotary Office to [Appellant] and no other parties herein. Therefore, [Appellees], by their Notice of Removal, docketed April 17, 2017, filed for Removal of the Case to the United States District Court for the Western District. . . . We note for the record that the Notice of Removal is still pending, as this Court has not received documentation of the Removal at this time, this relating to jurisdiction.[1]

The trial court proceeded to grant Appellant IFP status for the sole purpose of the instant appeal. See id.

_____

[1] The record this Court received contains no documentation as to the status of the Notice of Removal.

In a separate order entered on May 1, 2017, the trial Court directed Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b); it reissued the same Order on May 16, 2017. Appellant complied and filed his concise statement on May 19, 2017. The trial court filed its "Statement Pursuant to Pa.R.A.P. 1925" on June 6, 2017, wherein it found, inter alia, "the Complaint herein is based on the policies and procedures, that of an inmate subjected to death row policies and procedures of the state, and as such [Appellant] does not aver a viable cause of action to this Court." See Statement Pursuant to Pa.R.A.P. 1925, filed 6/6/17, at 4 (unnumbered).

In his brief, Appellant presents two questions for this Court's review:

1.    The Question whether the trails [sic] court's decision in denying Appellant's complaint that [Appellant] failed to state a claim base[d] on abuse of discretion?

2.    Question whether the trial court's [d]iscretion by not permitting the [A]ppellant [a]ny opportunity to [a]mend and or correct or [p]erfect any errors that may had [sic] been made.

Brief for Appellant at ii.

This Court is vested with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas except in those cases within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. Herein, Appellant filed his Complaint against the DOC, its Secretary and Superintendent, a government entity and governmental officials acting in their official duties. As such, jurisdiction over this case

properly lies with the Commonwealth Court which has primary appellate jurisdiction over "claims against the Commonwealth, its agencies, and its officers." Hill v. Pennsylvania Dept. of Environmental Protection, 545 Pa. 38, 39-40, 679 A.2d 773, 773–74 (1996) (citing 42 Pa.C.S. § 761(a)); See also Pa.R.A.P. 762.

However, having so concluded, it nonetheless is within our discretion to determine whether transfer to that Court is appropriate and in doing so we employ a case-by-case analysis. "We may retain jurisdiction if such action would serve the interests of judicial economy, but should transfer the matter if to do so would serve other interests, such as avoiding the establishment of possibly conflicting lines of authority." Wilson v. Sch. Dist. of Phila., 600 A.2d 210, 213 (Pa.Super. 1991) (citing Lara, Inc. v. Dorney Park Coaster Co., Inc., 534 A.2d 1062, 1066 (Pa.Super 1987). Even where a party has failed to enter an objection to this Court's exercise of appellate jurisdiction, as is the case herein, it is within our discretion to transfer the matter to the Commonwealth Court. See e.g. Fengfish v. Dallymer, 642 A.2d 1117, 1120 n. 2 (Pa.Super. 1994); Pa.R.A.P. 741.

This Court is not bound by the Commonwealth Court's holdings. Therefore, in cases like the instant one involving fairly routine Commonwealth Court issues, we transfer this matter and the accompanying record to the Commonwealth Court in the interest of justice.

Appeal transferred to the Commonwealth Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/16/2018