J-A24015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM JAMES MOORE | : | |
| | : | |
| Appellant | : | No. 472 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 8, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-SA-0000431-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED FEBRUARY 05, 2020**

Appellant, Adam James Moore, appeals from the judgment of sentence of a $200 fine and $452.48 in restitution, which was imposed after he was found guilty, following a summary appeal, of a violation of the Dog Law, 3 P.S. §§ 459-101 - 459-1205.  After review, we conclude that this appeal is within the jurisdiction of the Commonwealth Court and, thus, we order that the appeal be transferred.

The facts underlying this case are not pertinent to our disposition.  We only note that, according to Appellant, on March 25, 2018, he was issued a citation by the Chester County Animal Control authorities for violating 3 P.S. § 459-502(a) (Dog bites; detention and isolation of dogs).  **See** Appellant's Brief at 6.  Following a summary trial before the magisterial district court,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was acquitted of that offense. However, the district court convicted him of violating 3 P.S. § 459-305(a)(1) (Confinement and housing of dogs not part of a kennel), which the court deemed to be a 'lesser-included offense' of the charged section 459-502(a) violation.

Appellant filed a timely summary appeal to the Court of Common Pleas of Chester County. Prior to his trial *de novo*, he filed a "Motion to Quash Conviction of 3 P.S. § 459-305(a)(1) as *Void Ab Initio*," which the court denied. Following Appellant's trial *de novo*, the court upheld his conviction under section 459-305(a)(1). Appellant was thereafter sentenced to the above-stated fine and restitution.

Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on April 18, 2019. Herein, Appellant states three issues for our review:

> I. Did the magisterial district court err by finding Appellant guilty of 3 P.S. § 459-305(a)(1), incorrectly classifying it as a "lesser[-]included offense" of that which was originally charged?
>
> II. Did the [trial] court … err by denying Appellant's Motion to Quash Conviction of 3 P.S. § 459-305(a)(1) as *Void Ab Initio*?
>
> III. Did the [trial] court … lack the authority to conduct a trial *de novo* on the offense of 3 P.S. § 459-305(a)(1) since that offense was neither originally charged nor a lesser[-]included offense of the originally charged offense?

Appellant's Brief at 5.

Before we consider any of Appellant's issues, we must determine whether this case should be transferred to the Commonwealth Court under 42 Pa.C.S. § 762. That statute provides, in pertinent part, as follows:

**§ 762. Appeals from courts of common pleas**

**(a) General rule.--**Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

* * *

**(2) Governmental and Commonwealth regulatory criminal cases.--**All criminal actions or proceedings for the violation of any:

(i) Rule, regulation or order of any Commonwealth agency.

(ii) Regulatory statute administered by any Commonwealth agency subject to Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies). The term "regulatory statute" as used in this subparagraph does not include any provision of Title 18 (relating to crimes and offenses).

42 Pa.C.S. § 762(a)(2).

In ***Commonwealth v. Hake***, 738 A.2d 46 (Pa. Cmwlth. 1999), the Commonwealth Court declared that it has exclusive jurisdiction over appeals under the Dog Law, because that statute "is not a penal statute under the Crimes Code (Title 18), but is a regulatory statute, administered and enforced by the Department of Agriculture (Title 7, Chapter 27 of the Pa.Code)." ***Id.***

at 47 n.3. Nevertheless, we recognize that, because the Commonwealth has not raised any issue with this Court's jurisdiction over the present appeal, "it is within our discretion to transfer the matter to the Commonwealth Court or retain jurisdiction." *Lara, Inc., v. Dorney Park Coaster Co., Inc.*, 534 A.2d 1062, 1066 (Pa. Super. 1987); *see also* 42 Pa.C.S. § 704 (providing for an exception to exclusive jurisdiction of the Commonwealth Court if the appellee does not object to the exercise of jurisdiction by the Superior Court). In *Lara, Inc.*, we explained that,

> [i]n exercising this discretion, we must examine the question on a case by case basis. This [C]ourt may retain jurisdiction over cases that should have been appealed to the Commonwealth Court in the interest of judicial economy. However, … the interest of judicial economy must be weighed against other interests, one of which is the possibility of establishing conflicting lines of authority.

*Lara, Inc.*, 534 A.2d at 1066. Notably, we cautioned in *Lara, Inc.*, that "we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." *Id.* (footnote omitted).

Here, we conclude that the preferable course is to transfer this appeal to the Commonwealth Court. Jurisdiction of issues under the Dog Law is properly vested in the Commonwealth Court, *see Hake*, 738 A.2d at 47 n.3, and the Court's experience in this area is evident from the appeals it has entertained involving claims under that statute. We also seek to avoid the risk of establishing conflicting lines of authority. Therefore, we transfer this case to Commonwealth Court.

Case transferred to Commonwealth Court. Jurisdiction relinquished.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/20