J-S74008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE SPUGLIO | : | |
| | : | |
| Appellant | : | No. 2572 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 19, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-SA-0001428-2018

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.:              **FILED FEBRUARY 14, 2020**

Appellant, Eugene Spuglio, appeals *pro se* from the June 19, 2019 judgment of sentence of $600 in fines, and costs of prosecution, imposed after he was convicted of violating two local ordinances in Ridley Township, Pennsylvania.  After review, we conclude that this case falls within the exclusive jurisdiction of the Commonwealth Court.  Therefore, we transfer this appeal to that Court.

We need not set forth the facts of this case, nor provide a detailed procedural history.  We only note that on June 19, 2019, Appellant was found guilty, following a non-jury trial, of violating two local housing ordinances pertaining to the inspection and operation of rooming units, or 'boarding

_____

* Former Justice specially assigned to the Superior Court.

houses.' That same day, the court sentenced Appellant to pay a $300 fine for each violation, and the costs of prosecution.

On July 10, 2019, Appellant filed a *pro se* notice of appeal with the Pennsylvania Supreme Court. On August 12, 2019, the Supreme Court issued an order transferring his appeal to this Court. In Appellant's *pro se* brief, he states the following four issues for our review:

> [I.] Whether the State of Pennsylvania is sovereign over Ridley Township.
>
> [II.] Whether Act of Jun. 3, 1915, P.L. 954, No. 420 or amended governs rooming houses.
>
> [III.] Whether Pa. Code 20.1 regulates rooming houses.
>
> [IV.] Whether Ridley Township ordinances governing rooming houses are valid.

Appellant's Brief at 2.

Before we consider Appellant's issues, we must determine whether his case should be transferred to the Commonwealth Court under 42 Pa.C.S. § 762. That statute provides, in pertinent part, as follows:

> **§ 762. Appeals from courts of common pleas**
>
> **(a) General rule.--**Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
>
> * * *
>
> (4) Local government civil and criminal matters.--
>
> > (i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a

- 2 -

municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

\*\*\*

(B) home rule charter or local ordinance or resolution[.]

42 Pa.C.S. § 762(4)(i)(B).

In this case, Appellant is challenging the application and/or enforcement of a local ordinance, thus falling within the Commonwealth Court's jurisdiction under section 762(4)(i)(B). We recognize that the Commonwealth has not raised any issue with this Court's jurisdiction and, therefore, "it is within our discretion to transfer the matter to the Commonwealth Court or retain jurisdiction." *Lara, Inc., v. Dorney Park Coaster Co., Inc.*, 534 A.2d 1062, 1066 (Pa. Super. 1987); *see also* 42 Pa.C.S. § 704 (providing for an exception to exclusive jurisdiction of the Commonwealth Court if the appellee does not object to the exercise of jurisdiction by the Superior Court). In *Lara, Inc.*, we explained that,

> [i]n exercising this discretion, we must examine the question on a case by case basis. This [C]ourt may retain jurisdiction over cases that should have been appealed to the Commonwealth Court in the interest of judicial economy. However, … the interest of judicial economy must be weighed against other interests, one of which is the possibility of establishing conflicting lines of authority.

*Lara, Inc.*, 534 A.2d at 1066. Notably, we cautioned in *Lara, Inc.*, that "we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." *Id.* (footnote omitted).

- 3 -

Here, the Commonwealth Court has experience in the law regarding local ordinances. Additionally, we seek to avoid the risk of establishing conflicting lines of authority in that area of the law. Accordingly, we transfer Appellant's appeal.

Case transferred to Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20