J-A09008-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| MARY KONIECZNY, ANTHONY J. GOLEMBIEWSKI, CHRISTOPHER W. HUMPHREY, AND THERESE THOMPSON MILES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 1726 WDA 2019 |
| | : | |
| STEPHEN A. ZAPPALA, JR., DISTRICT ATTORNEY OF ALLEGHENY COUNTY | : | |

Appeal from the Order Dated October 16, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 19-11631

BEFORE:  BOWES, J., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    FILED AUGUST 19, 2020

Appellants, Mary Konieczny, Anthony J. Golembiewski, Christopher W. Humphrey, and Therese Thompson Miles, appeal from the order granting the preliminary objections filed by Appellee, Stephen A. Zappala, Jr., District Attorney of Allegheny County, to Appellants' complaint in mandamus and dismissing the action with prejudice.  Because jurisdiction properly lies with the Commonwealth Court of Pennsylvania, we transfer this appeal to the Commonwealth Court.

On April 9, 2019, members of Pittsburgh City Council passed, and Mayor William Peduto signed, firearm and firearm accessory ordinances outlawing certain firearms and firearm accessories within the city limits of Pittsburgh.

Mandamus Complaint at ¶ 6. On April 12, 2019, Appellants presented to Appellee's office private criminal complaint forms against Mayor Peduto and various members of Pittsburgh City Council. Id. at ¶ 20. Appellants contend that the act of passing new firearm legislation constitutes official oppression pursuant to 18 Pa.C.S. § 5301. Id. at ¶ 14. It is alleged that Appellee refused to accept the private criminal complaints or to take further action. Id. at ¶ 21. However, Appellants have conceded that at the time they presented the private criminal complaints to Appellee, they "were handed copies of a press release regarding [Appellee's] position that he would not review anything connected with any alleged violations of the illegal [o]rdinances that the Mayor and the City [Council] had passed." Brief in Opposition to Preliminary Objections, at 11-12.

On August 15, 2019, Appellants filed the instant "complaint in mandamus seeking review of [the] denial of [the] private criminal complaint under Pa.R.Crim.P. 506 and request for writ of mandamus under Pa.R.C.P. 1093." Mandamus Complaint. Specifically, Appellants asserted that Appellee "was required to accept their private criminal complaints against Mayor Peduto and Pittsburgh Council as stated in Pa.R.Crim.P. 506." Id. at ¶ 27. Appellants sought mandamus relief pursuant to Pa.R.C.P. 1093, noting that the rule "provides the right of a Pennsylvania citizen to file a [w]rit of [m]andamus against a [g]overnment [o]fficial who has refused to act in accordance with the legal responsibilities of his position or office." Id. at ¶ 25.

On September 9, 2019, Appellee filed preliminary objections to the complaint in mandamus and a supporting brief. On October 16, 2019, Appellants filed a brief in opposition to Appellee's preliminary objections. Also on October 16, 2019, the trial court entered an order that granted Appellee's preliminary objections and dismissed the action in mandamus with prejudice. This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Prior to addressing the issues raised by Appellants, we must address whether the Superior Court has jurisdiction over this matter. See Blount v. Philadelphia Parking Authority, 965 A.2d 226, 229 (Pa. 2009) (stating that a reviewing court may raise the issue of whether the court has subject matter jurisdiction over an action sua sponte). Because Appellants' mandamus action seeks to compel action by Appellee, acting in his official capacity as the Allegheny County District Attorney, this matter is within the original jurisdiction of the Commonwealth Court. See 42 Pa.C.S. § 761(a)(1) (providing that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings … [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]"); see also Maute v. Frank, 657 A.2d 985, 987 (Pa. Super. 1995) (stating that original jurisdiction over actions involving mandamus claims lies in the Commonwealth Court of Pennsylvania, and transferring the appellant's mandamus action from the Superior Court to the Commonwealth Court).

J-A09008-20

As we have long stated, "we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." *Lara, Inc., v. Dorney Park Coaster Co., Inc.*, 534 A.2d 1062, 1066 (Pa. Super. 1987). Hence, because jurisdiction properly lies with our sister court, we transfer this appeal to the Commonwealth Court.[1]

Appeal transferred to the Commonwealth Court.

_____

[1] Pennsylvania Rule of Appellate Procedure 751 addresses the transfer of erroneously filed cases and states as follows:

> (a) General rule. If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a) (emphases added).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2020