J-A07036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEVIN M. KAPLAFKA, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, COL. | : | No. 1110 MDA 2020 |
| TYREE BLOCKER, LT. COL. ROBERT | : | |
| EVANCHICK, LT. COL. LISA | : | |
| CHRISTIE, LT. WILLIAM BOWAN, | : | |
| CAPT. MARGARET DROPINSKI, CAPT. | : | |
| MAURICE TOMLINSON, AND JEREMY | : | |
| RICHARDS | : | |

Appeal from the Order Entered July 31, 2020
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2020-CV-02582-MD

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: APRIL 1, 2021**

Appellant, Kevin M. Kaplafka, Jr., appeals from the Order entered in the Court of Common Pleas of Dauphin County on July 31, 2020, sustaining preliminary objections and disposing of all remaining claims, after the case had been transferred to the trial court from the Commonwealth Court. The matter concerns allegations by Appellant against the Pennsylvania State Police (PSP) and related entities concerning his employment and termination. Because jurisdiction properly lies with the Commonwealth Court of Pennsylvania, we transfer this appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On November 15, 2018, Appellant filed a Petition for Review in the original jurisdiction of the Commonwealth Court seeking a writ of mandamus to compel the (PSP) and numerous PSP Officers (collectively Respondents) to reinstate Appellant as a state trooper at the Pennsylvania State Police Academy. Respondents filed preliminary objections in the nature of a demurrer and filed additional preliminary objections raising the affirmative defenses of statute of limitations and sovereign immunity, to which Appellant filed preliminary objections.

Upon review, the Commonwealth Court, in an unreported Memorandum Opinion and Order filed on February 7, 2020, sustained Appellant's preliminary objections to Respondents' preliminary objections raising the affirmative defense of statute of limitations and sovereign immunity to Appellant's Petition and struck those preliminary objections of Respondents. The Court also sustained Respondents' preliminary objections to Counts I and II of the Petition for Review and dismissed those counts. Noting it lacked jurisdiction over the tort claims raised in Counts III and IV of the Petition, the Commonwealth Court transferred those claims to the Dauphin County Court of Common Pleas along with Respondents' preliminary objections to the same for disposition.

In its "Court Opinion Pursuant to Pa.R.A.P. 1925(a)," the trial court explained what transpired upon remand as follows:

> [Appellant], formerly a Pennsylvania state trooper, appeals from an Order issued by this court on July 31, 2020. The Order

sustained preliminary objections filed by [PSP] and numerous employees thereof to Plaintiff's Petition for Review (Complaint). Specifically, the Order dismisses, on sovereign immunity grounds, Plaintiff's alternative causes of action against [Respondents] for tortious interference with contractual relations (Count III) and tortious interference with prospective relations (Count IV).

Upon review of the issues raised on appeal, this [c]ourt agrees with [Appellant] that the July 31, 2020 Order was issued in error. The record reveals that on February 7, 2020, prior to transferring this case to Dauphin County, the Commonwealth Court issued an opinion and order addressing [Appellant's] preliminary objections to [Respondents'] preliminary objections. See Kaplafka v. Pennsylvania State Police, et al. No. 634 M.D. 2018, 2020 WL 598235 (Pa.Commw.Ct. Feb 7, 2020). In its ruling the Commonwealth Court sustained [Appellant's] objections, agreeing with him that sovereign immunity had been raised prematurely and directing that [Respondents'] preliminary objections raising sovereign immunity to Counts III and IV be stricken. Id. at *4.

As such, this [c]ourt, in its July 31, 2020 Order, improperly disposed of preliminary objections that the Commonwealth Court had previously stricken. Upon this [c]ourt reacquiring jurisdiction, we will address "the remaining preliminary objections" to Counts III and IV, as directed by the Commonwealth Court. Id. at *8.

Court Opinion Pursuant to Pa.R.A.P. 1925(a), filed 9/21/20, at 1-2 (unnumbered).

In his brief, Appellant presents the following Statement of the Questions Involved:

1.     Has the Dauphin County Court conceded that it erred in entering its July 31, 2020 Order disposing of [Respondents'] demurrers, which raised a sovereign immunity defense to Counts III and IV of the Petition, in the face of the Commonwealth Court's prior February 7, 2020 Opinion and Order in the same case, striking the same preliminary objections as improper?

2.     Does the rule of "coordinate jurisdiction" and/or the "law of the case" doctrine support the Dauphin County Court's concession that it erred in failing to recognize, honor, and respect the Commonwealth Court's prior February 7, 2020 Opinion and Order?

3.    When faced with [Appellant's] transferred Counts III and IV, as well as the very same preliminary objections to those Counts that were previously stricken by the Commonwealth Court, should the Dauphin County Court have simply entered an Order, adopting the prior ruling of the Commonwealth court directing [Respondents] to file an Answer to [Appellant's] Petition?

4.    Even assuming that it was proper for the Dauphin County Court to 'dispose of' [Respondents'] demurrers raising a sovereign immunity defense to Counts III and IV (which, it was not), did the Dauphin County Court err in sustaining those demurrers and failing to recognize (as the Commonwealth Court expressly held), that the defense of sovereign immunity may be raised only as New Matter in an Answer?

5.    Even assuming that it was proper for the Dauphin County Court to 'dispose of' [Respondents'] demurrers raising a sovereign immunity defense to Counts III and IV (which, it was not), was the Dauphin County Court Order sustaining those demurrers also erroneous because the face of the Petition fails to establish that sovereign immunity applies, especially since whether particular acts or conduct of state officials or employees ware within the 'scope of their duties' is ordinarily a question of fact for the jury at trial, and not one for resolution on preliminary objections?

Brief for Appellant at 4-5.

Prior to addressing this appeal, we first consider whether the Commonwealth Court has jurisdiction. *See Blount v. Philadelphia Parking Authority*, 965 A.2d 226, 229 (Pa. 2009) (stating that a reviewing court may raise the issue of whether the court has subject matter jurisdiction over an action *sua sponte*).  The instant matter initially was filed in the Commonwealth Court under its original jurisdiction, and that Court previously authored a Memorandum Opinion herein.  Indeed, under section 761 of the Judicial Code,

the Commonwealth Court, with some exceptions, has exclusive original jurisdiction over all civil actions against the Commonwealth government, including an officer acting in his official capacity. 42 Pa.C.S.A. § 761.[1] Moreover, to the extent prescribed by general rule, the Commonwealth Court has ancillary jurisdiction over any claim that is related to a claim within its exclusive original jurisdiction. **See** Section 761(c) of the Judicial Code, 42 Pa.C.S.A. § 761(c).

As we have long stated, "[W]e should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." **Lara, Inc., v. Dorney Park Coaster Co., Inc.**, 534 A.2d 1062, 1066 (Pa.Super. 1987). Thus, in order to avoid potential conflicting lines of authority, and mindful of the Commonwealth Court's original jurisdiction and familiarity with the instant matter, which Appellant references numerous times in the issues he presents for appellate review, we conclude that jurisdiction properly lies with our sister court, and we transfer this appeal to the Commonwealth Court. Pa.R.A.P. 752(a).[2]

---

[1] For instance, the Commonwealth Court does not have original jurisdiction over actions against the Commonwealth government in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity. 42 Pa.C.S.A. § 761(a)(1)(v).

[2] This rule states that "[t]he Superior Court and the Commonwealth Court, on their own motion or on application of any party, may transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law or discretion."

Appeal transferred to Commonwealth Court. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2021